C. McRimmon v. W. L. Martin, Ch. J.

Where a purchaser claims under a deed (to a previous vendee) which discloses that the purchase money was not paid, and reserves a lien therefor, he cannot claim to be an innocent purchaser, without notice of the lien.

Where judgment was recovered by the County before a Justice of the Peace on a claim secured by mortgage, and there was an order for the sale of the mortgaged property, and the defendant stayed the execution by giving security for the payment of the judgment, it was held that a purchaser of the property, from the defendant, could not require that the execution should first run generally against the property of the defendant and his security for stay of execution.

Appeal from Upshur. The deed from the County Commis, sioners to Galloway was dated February 5th, 1849, and disclosed that the purchase money was not paid, and expressly reserved a mortgage lien therefor. In September, 1851, the appellee recovered judgment before a Justice of the Peace against Galloway, and an order was made for the sale of the

McRimmon v. Martin.

lots. Galloway stayed the execution. After the expiration of the stay, "an execution or order of sale" was issued and levied on the lots.

*Williams,* for appellant.

*Everett,* for appellee.

LIPSCOMB, J. This suit was brought by the appellant, to enjoin the Chief Justice of Upshur County, from enforcing a lien in favor of the County of Upshur, on three several lots in the town of Gilmer, the site selected for County Seat, purchased by Galloway at the sale of lots on the said site, made by the Commissioners for the County, for which purchase Galloway gave his note at twelve months, secured by a mortgage on the lots purchased. Petitioner alleges that he is now the owner, and in possession of the said lots, by purchase for a valuable consideration ; that the said title comes to him through several intermediate persons who claimed under Galloway, by deed from him ; that he had no notice of the lien on the said lots, in the county ; and that the Chief Justice of the county is about enforcing said lien.

There is no doubt but an innocent purchaser, without notice, either express or constructive, is entitled to protection ; but in this case, the title deeds showed the appellant the source of the title, and the law requiring a lien by mortgage was notice to him. The Act of 26th January, A. D. 1848, supplemental to an Act to organize the county of Upshur, directs the sale of the lots to be on a credit of twelve months, with a note and good security, payable to the Chief Justice, with a mortgage on the property sold. This security by mortgage is expressly required by law, and all persons purchasing town lots are bound to know that it was required, and are not permitted to plead ignorance. It would not be competent for the Court to require the Chief Justice to take as a substitute for the security

any of an inferior degree, such as personal security. And to incur, at the expense of the county, the risk of such security, nor the cost of prosecuting such to judgment, and even then, might not be able to procure satisfaction. It would be different, if there was a fund in hand, by which the mortgage could and ought to be satisfied by the mortgagee. We believe there is no equity in the appellant's petition, and the decree is affirmed.

Judgment affirmed.