### E. MARX v. BROWN & Co.

| 42 | 111 |
|----|-----|
| 88 | 382 |

PRACTICE—DAMAGES FOR DELAY.—The right of a defendant in error to an affirmance, with damages for delay, is not affected by the fact that, after the writ of error was obtained, he procured, upon application and notice to the plaintiff in error, a correction of the judgment entered erroneously as to amount by mistake of the clerk, and brought up a transcript of the record with the judgment corrected *nunc pro tunc;* nor is the liability of the securities on the bond of plaintiff in error affected by the fact that they had no notice of the proceedings to correct the judgment.

ERROR from Marion. Tried below before the Hon. J. D. McAdoo.

*Crawford & Crawford,* for plaintiff in error, cited Miller v. Stewart, 9 Curtis, 234, 18 Ga., 534; Hall v. Williamson, 9 Ohio, 17; 20 Ohio, 93; 17 Ohio, 554; Lignon v. Rogers, 12 Ga., 291; 18 Ga., 287.

*Word* and *Jackson & Jackson*, for defendants in error, cited Pas. Dig., arts. 49, 51, 52; Ramsey *v.* McCauley, 9 Tex., 106; Swift *v.* Faris, 11 Tex., 18: Wortham *v.* Harrison, 8 Tex., 141; Morrison *v.* Dibrell, 22 Tex., 199; Grier *v.* Powell, 14 Tex., 320; Burton *v.* Varnell, 1 Tex., 635; Hutchison *v.* Owen, 20 Tex., 287; Laird *v.* Thomas, 22 Tex., 281; Fisk *v.* Holden, 17 Tex., 408; Goodlett *v.* Stamps, 29 Tex., 121.

Roberts, Chief Justice.—The main point in the case is, Can the defendant in error, upon application and notice, correct the judgment in the District Court erroneously entered by mistake of the clerk, and bring up the transcript of the record with the judgment corrected *nunc pro tunc*, and have it affirmed with damages?

The error in amount, which was corrected by the amendment of the judgment, was an excess of one dollar and eighty-five cents, (as it is said by both parties.) This was a mistake in calculation of interest, and allowing credits on a large amount of money, and is relatively too small to be regarded as a substantial error which would justify the removal of the cause into this court for correction. (Foster *v.* Van Norman, 1 Tex., 638.)

The most important correction was in making it to be a consent judgment, instead of one founded on the finding of a jury.

The statute permits any mistake in entering a judgment to be corrected " according to the truth and justice of the case." (Pas. Dig., art. 652.)

There is no limit of time prescribed in which this may be done.

It has been said by this court that it may, upon proper notice, as was had in this case, be done at any time before final judgment is rendered in the Supreme Court. (Ramsey *v.* McCauley, 9 Tex., 108.)

Notice of the motion to correct the judgment having

been given before the transcript was taken from the clerk's office, and the correction having been made in the District Court before the return-day of the writ of error in the Supreme Court, the case stands in this court very much in the same attitude as though there had been no mistake committed in entering the judgment. Had the correction of the errors in the judgment been the object desired by plaintiff in error, he was furnished the opportunity of doing it, and of making the defendants in error pay the costs that had been incurred by him in preparing to prosecute his writ of error up to that time, which the District Court might well have imposed on the defendants in error, in correcting the judgment, had the plaintiff in error acquiesced in and consented to the amendment of the judgment, instead of resisting it.

In the case of Grier v. Powell there was an error of seventy cents excess of interest in the judgment rendered upon the pleas being withdrawn. It was regarded as equivalent to a judgment by confession. Justice Wheeler, delivering the opinion of the court, said that the District Court is the proper place for the correction of such errors. "And where parties unnecessarily resort to this court, in the first instance, for the correction of such errors, although the errors may be corrected, it ought not to affect the right of the appellee to his damages occasioned by the unnecessary delay."

"Not having been so corrected, and being apparent by the record, it will be corrected here; and the judgment will be affirmed with damages." (Grier v. Powell, 14 Tex., 318.)

This case is even stronger, having been corrected in the District Court at the cost of defendants in error, before the writ of error was returnable to this court, and notice of the motion to correct it having been given before plaintiff in error took the transcript out of the district clerk's office to be sent to this court.

8

It is contended that if the judgment is affirmed against the plaintiff in error, it should not be rendered in this court against the sureties on his bond for *supersedeas*.

Sureties in signing a bond for writ of error identify themselves with their principal as parties to the record, in order to confer benefits upon him in the prosecution of the suit, and in doing so undertake that he "shall comply with the judgment, order, or decree of the Supreme Court upon such writ, and pay all such damages as may be awarded against him." This bond is to have the force and effect of a judgment upon which execution may issue in case of forfeiture. (Pas. Dig., art. 1495.)

When the judgment is affirmed against the principal, it is also affirmed against those as sureties thereon without any further notice, as parties to the suit, made so by their becoming sureties on the bond.

There is no such change in the judgment in this case by the amendment of it as to make it a different case or cause of action.

Judgment is affirmed with ten per cent. damages.

AFFIRMED WITH DAMAGES.

[Associate Justice REEVES did not sit in this case.]