GRANBERRY et al. v. JACKSON.

(Court of Civil Appeals of Texas. March 29, 1911.)

Costs (§ 260*)—Appeal for Delay—Damages.

Where a judgment on notes was entered by default and there was no irregularity in the proceedings, the suing out of a writ of error to review the judgment, and the filing of a supersedeas bond suspending its execution, without assignments of error being filed or any steps taken to prepare a transcript on appeal until after motion therefor, solely for delay, entitle defendant in error to an affirmance with 10 per cent. damages under Sayles' Ann. Civ. St. 1897, art. 1024.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–1003; Dec. Dig. § 260.*]

Error from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by James S. Jackson against O. L. Granberry and another. There was a default judgment for plaintiff, and defendants bring error. Affirmed.

Dougherty, Conley & Gordon, for defendant in error.

McMEANS, J. James S. Jackson brought this suit in the district court of Jefferson county against O. L. Granberry and wife, Annie E. Granberry, for the balance due upon certain promissory notes executed by defendants to plaintiff and to foreclose a lien upon certain land described in plaintiff's petition, situated in Jefferson county, by which the payment of said notes was secured.

Defendants, although duly served. with citation within proper time, suffered judgment by default, and judgment was rendered against defendant O. L. Granberry on December 17, 1909, for $961.86, being the amount due upon the notes, and against both defendants foreclosing the lien. Thereafter on February 3, 1910, plaintiff caused an order of sale to be issued on said judgment and placed in the hands of the sheriff of Jefferson county for execution, whereupon defendants on the ——— day of February, 1910, filed in said cause their petition for a writ of error to this court, and at ·the same time filed a proper supersedeas bond, whereupon citation in error was duly issued and served upon plaintiff on February 28, 1910. After superseding said judgment, the defendants took no further steps toward the prosecution of their appeal, and in fact filed no assignments of error and did not prepare or cause to be prepared a statement of facts or apply to the clerk of the district court to prepare and send up to this court a transcript in this case. Thereafter, on May 28, 1910, the plaintiff applied to the district clerk for a transcript of the record, which was delivered to him on said date, and the same was filed in this court on May 29, 1910.·

We have examined the record and find no irregularity of any kind in the proceedings. The petition upon which the judgment was rendered was sufficient in every respect, and the notes and the deed of trust upon which the suit was based were produced in evidence upon the trial. Proof was also made that at the time the defendant in error placed in the hands of his attorneys the notes sued on, which contained a stipulation for the payment of 10 per cent. as attorney's fees in case of suit thereon, the defendant agreed to pay to his attorneys the 10 per cent. as attorney's fee. The cause of action alleged by plaintiff in the court below is fully sustained by the statement of facts brought up with the record, and the judgment conforms with the pleadings. Plaintiffs in error have filed no briefs in this court. Defendant in error has filed briefs and asks that the judgment of the lower court be affirmed with 10 per cent. damages for delay. We think it apparent that the writ of error was sued out solely for delay, and that defendant in error

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

is entitled to have the judgment of the court below affirmed with 10 per cent. damages. Sayles' Civil Statutes, art. 1024; Grier v. Powell, 14 Tex. 321; Marx v. Brown, 42 Tex. 111; Granberry v. Mussman, 90 S. W. 533; Granberry v. Jackson, 132 S. W. 508, recently decided by this court.

Affirmed, with 10 per cent. damages for delay.