Wiieeleb, J.
The judgment in this case was rendered on the 5th day of June, 1840: The transcript was certified up on the 6th of June, 1843.
There is in the record no notice of appeal, nor is there anything to show that an appeal was taken, unless it is to be inferred from the fact that a bill of exceptions was made out and signed by the presiding judge; and on account of the absence of evidence that an appeal was taken, the appellee moves to dismiss the cause.
The act of 22d of December, 1836, vol. 1, p. 203, sec. 15, provides that “ any party may appeal from any final judgment or decree of any district court durvng the term at which the judgment or decree was rendered, upon entering into bond.” The act of December, 1837, vol. 2, p. 94, sec. 1, gives the party appealing “ six days after the close of the term,” within which “ to file the bond,” “prometed notiee of the appeal T>e given in oowrt during the term; ” and by the act of February 5, 1840, vol. 4, p. 92, sec. 35, the time for filing the appeal bond was extended to twenty days after the term.
These were the enactments in force at the date of the judgment. Previous to the act of 1837, the filing of the appeal bond in court during the term may have been sufficient evidence of an appeal taken; but by the provisions of that statute if a party would avail himself of the privilege of giving bond within the six days after the term, he must “file a notiee of the appeal in court during the term.” Hamilton v. McKenzie, Dallam, 481; id. 493.
In the present case it was the privilege of the appellant (being an executrix) to appeal without giving bond; vol. 4, Laws, p. 129, sec. 58; but, in availing herself of that privilege, we think it equally incumbent on her, as upon a party appealing in his own right, to give notice of the appeal during the term. We cannot suppose it was the intention of the law- that the record should be silent respecting so important a stage of the proceeding. Vol. 4, Laws, p. 129, sec. 58.
The appeal is the act of the party which authorizes the appellate court to take cognizance of the cause; and unless the record bears testimony that it was taken, we have no evidence of our authority to entertain jurisdiction.
The bill of' exceptions in the record was doubtless prepared with the intention of appealing; but that was only preparatory to an appeal intended, not the appeal itself. The party may afterwards have changed her mind, and declined carrying out that intention; and as the record contains no notice or other evidence of an appeal, we must suppose that such was the case and that none was taken. But were we to regard the bill of exceptions as containing the notice required *(141) by the law, yet the party did not bring up the cause until more than three years had elapsed from the rendition of judgment. This delay of itself, unexplained, would be a sufficient reason for dismissing the appeal.
The provisions of subsequent statutes are not regarded as applicable to this case. To extend those of the act of February 5, 1841, vol. 5, 168, sec. 19, would be to give that statute a retrospective operation, contrary to the well settled rule of interpretation, and against, the express prohibition of the constitution under which it was enacted. The time for prosecuting the appeal had elapsed before the passage of the statute. The defendant was concluded by the lapse of time, and “ the plaintiff’s rights had become final and vested,” Taylor v. Duncan,, Dallam, 154, and could not be divested or impaired by subsequent legislation. Besides, the record was not brought up until it was too late to appeal, or even to prosecute a writ of error, under the provisions of the act of 1841.
In no point of view can the cause be entertained. "We are of opinion, therefore, that the motion prevail and the appeal be dismissed.