## R. R. SMYRL v. THE STATE.

1. Since the ratification of the amendments to the Constitution, on the twenty-fourth of January, 1874, the allowance of an appeal in criminal cases by one of the justices of the Supreme Court is unnecessary.
2. When the time for perfecting an appeal from a judgment of the District Court rendered in a criminal cause had not expired before the twenty-fourth of January, 1874, the party was entitled to an appeal, without its previous allowance by one of the justices of the Supreme Court; he was relieved by the ratification of the amendments to the Constitution on that day from the condition previously annexed to his remedy.

APPEAL from Cherokee.

*Geo. Clark, Attorney-General,* for the State, on motion to dismiss.—The trial of this cause took place on the sixteenth day of December, 1873.

The transcript was presented to a judge of this court for inspection on the nineteenth of February, 1874, being the sixty-fifth day after the trial.

There could have been no question as to the loss of the appeal by this delay, but for the fact that the amendment of Section 3 of Article 5, which became valid as a part of the Constitution on the twenty-fourth day of January, 1874, does not require the presentation of the transcript within sixty days—in a word, removes all restriction from and after that date upon the right of appeal.

This motion is based on the assumption that, at the time the appeal in this case was taken, the condition was in existence, and the appeal could only have been taken in a modified form, controlled by the possibility that, on presentation to a judge, it might be disallowed; or, to express the idea in different language, that the appeal, when taken, was not a full, complete appeal, but one depending on a contingency.

ROBERTS, CHIEF JUSTICE.—The transcript is indorsed as follows, to-wit:

" Judgment sixteenth December, 1873; presented to O. M. Roberts for allowance of appeal on the nineteenth of February, 1874, and ordered to be filed by the clerk as of that date, subject to exceptions upon the right of appeal under the facts above stated.

"O. M. ROBERTS, Chief Justice."

The object of this entry was to raise the question, for judicial determination, whether or not the amendments of the Constitution ratified by the Legislature on the twenty-fourth day of January, 1874, do not dispense with the necessity of obtaining the allowance of the appeal by

one of the justices of the Supreme Court, as provided in the Constitution of 1869.

The provision in the Constitution is as follows:

"V.    SEC. 3. The Supreme Court shall have appellate jurisdiction only, which, in civil cases, shall be coextensive with the limits of the State.

"In criminal cases no appeal shall be allowed to the Supreme Court, unless some judge thereof shall, upon inspecting the transcript of the record, believe that some error of law has been committed by the judge before whom the case was tried, provided the transcript of the record shall be presented within sixty days from the date of the trial, under rules and regulations as may be prescribed by the Legislature."

A law was passed prescribing the manner in which this allowance of appeal by one of the justices of the Supreme Court should be procured to perfect the appeal, and what should be done if it was not allowed. (Paschal's Digest, pp. 134–5.)

The substitute for this in the amendments is as follows:

"SEC. 3. The Supreme Court shall have appellate jurisdiction only, which, in civil causes and criminal causes, shall be coextensive with the limits of the State."

It is only necessary to exhibit the two sections in contrast to conclude that an allowance of an appeal by one of the justices of the Supreme Court is no longer necessary to perfect the appeal. Nor is it necessary to comply with any requirements of the statute, which are incidental to such allowance by one of the justices, that may constitute a limitation or restriction to the right of appeal.

This view has been favorably presented by several decisions of this court, to which reference is here made. (The Republic of Texas v. Thomas J. Smith, Dallam, p. 409; Morton v. Gordon and Alley, Administrators, Dallam, p. 396; The State v. Daugherty, 5 Texas, 3; Laturner v. The State, 9 Texas, 457.)

The Attorney-General moves to dismiss this case, because, when the appeal was taken in the District Court (sixteenth of December, 1873), the law required the allowance by one of the justices as a prerequisite to the perfection of the appeal, and the transcript not having been presented until after the sixty days had expired, nineteenth of February, 1874, the right of appeal was lost.

Had the sixty days expired before the ratification of the amendments, this position might have been correct; which, however, is not now necessary to be decided in this case. (Lockhart v. Lockhart, 1 Texas, 199.)

The time for perfecting the appeal had not expired when the amendments were ratified on the twenty-fourth of January, 1874, which relieved the party from a condition previously annexed to the procurement of his remedy. The condition embraced both the time of presentation (sixty days) and the allowance by the justice. Both of these limitations upon his right being swept away, while still his incipient right subsisted, made it at once absolute, without a compliance with that which was abrogated and no longer in force.

The motion to dismiss is not sustained; and it is the opinion of the court, that since the ratification of the amendments to the Constitution (twenty-fourth of January, 1874) the allowance of appeal in criminal cases by one of the justices of the Supreme Court is unnecessary.

MOTION TO DISMISS OVERRULED.