Wheeler, C. J.
—We think the court held rightly, that the action was maintainable, though the plaintiff" had not fully performed her undertaking, according to the terms of the contract. Although there is great diversity of decisions and opinions on the question, we think the better opinion and the course of decisions of this court support the ruling of the court below upon that point. The subject was very ably examined by Chief Justice Parker, in the case of Bolton v. Turner, 6 N. H., 497, and much of the difficulty caused by the disagreement and want of. harmony among the cases was removed by his harmonious opinion. (See also Sedg. on Meas. Dam., § 215 n, 2d ed.)
But we think the court erred in the instruction to the jury upon the measure of damages. Although the failure to complete performance ought not to be deemed the fault of the plaintiff", neither was it the fault of the defendants; and in that case the plaintiff can only recover quantum *461 meruit. The amount for which the defendants ought to he charged is only the reasonable worth, or the amount of benefit they received from the services actually rendered, not to exceed the contract price. The contract price, however, does not furnish the rule, but the actual value to the defendants of the services rendered, subject to that limitation. The charge of the court made the contract price the rule for the measure of the damages absolutely, for the jury were instructed that the plaintiff was “entitled to recover pro rata pay for services already rendered.” The true rule was here departed from, and the jury were required to find for the plaintiff according to the contract price, though the value of the services to the defendants may not have been so much. This is error, for which the judgment must be reversed.
There is no assignment of errors; and, as the error does not go to the foundation of the action, and is not, therefore, of a character to require notice without an assignment of error, we might have affirmed the judgment, and put an end to this unfortunate litigation, had not the appellee seen proper to suggest delay. That requires a revision and reversal of the judgment for any error apparent upon the record, though not assigned as error.
The judgment is reversed and the cause
Remanded.