### SAMUEL H. TABER v. W. & E. CHAPMAN.

#### No. 718. Decided November 14, 1898.

**Affirmance on Certificate—Transfer of Appeals.**

A motion to affirm a judgment on certificate under Revised Statutes, article 1016, is not a case upon the dockets of the Courts of Civil Appeals such as the Supreme Court is authorized to transfer from one court to another for the purpose of equalizing business.

QUESTION CERTIFIED from the Court of Civil Appeals for the Third District.

*Kearby, Muse & Oeland* and *G. G. Wright,* for appellant.

*Belsterling & Titterington,* for appellee.

No briefs of counsel were on file.

GAINES, CHIEF JUSTICE.—The following question has been certified for our decision:

"There is now pending in the Court of Civil Appeals of the Third Supreme Judicial District of Texas, on its motion docket, a proceeding styled Samuel H. Taber v. W. & E. Chapman, in the nature of a request to this court to affirm the judgment of the court below upon certificate of the record of the trial court, under the seal and signature of the county clerk of Dallas County, Texas. This cause reached this court on a transfer from the Court of Civil Appeals of the Fifth Supreme Judicial District, by order of the Supreme Court, which was heretofore made.

"Now, the Court of Civil Appeals of the Third Supreme Judicial District of Texas certifies to the Supreme Court of Texas the following question for its answer:

"Did the Supreme Court have jurisdiction to enter the order transferring a motion or request to affirm a judgment of the court below upon certificate? In other words, is a proceeding of this nature a case within the meaning of the law that authorizes the Supreme Court to transfer cases from one court of civil appeals to another court of civil appeals?"

The statute in question provides, among other things, that "it shall be the duty of the Supreme Court to equalize as nearly as practicable the amount of business upon the dockets of the different courts of civil

appeals by directing the transfer of cases from such of said courts as may have the greater number of cases upon their dockets to those having a less amount of business upon their dockets; such transfers to be made as soon as practicable after the passage of this act, and thereafter at least once a year, in such manner and under such rules and regulations as the Supreme Court shall provide." Gen. Laws 1897. We are of opinion that an application to affirm a judgment upon certificate is not a case within the meaning of this law. Article 1016 of the Revised Statutes reads as follows: "In case the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in this chapter, then it shall be lawful for the appellee or defendant in error to file with the clerk of said court a certificate of the clerk of the district or county court in which any such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when such appeal was perfected or such citation was served; whereupon it shall be the duty of the courts of civil appeal to affirm the judgment of the court below, unless good cause can be shown why such transcript was not filed by the appellant or plaintiff in error. If a copy of the bond accompanies such certificate of the clerk of the district or county court, the judgment shall in like manner be affirmed against the sureties on such bond." Now the purpose of the law directing the transfer of causes from one court of civil appeals to another was to equalize the labors of such courts and to facilitate the disposition of the causes pending therein. It is clear that the law contemplates that an application to affirm on certificate shall be promptly disposed of without reference to the ordinary causes pending upon the docket of the court. It is a summary proceeding and requires but little time or labor. Rule 44 of the rules for the courts of civil appeals directs that "when affirmance is asked upon certificates filed, there need be nothing more than a request for affirmance, signed by the party or his counsel. It shall not be submitted sooner than one week after being filed, if the court should be in session that length of time." It is obvious, therefore, that neither time nor labor is to be saved by the transfer of such proceeding, and hence that it does not come within the scope of the legislative intent as manifested by the statute in question.

On the other hand, a good reason exists why such a proceeding should not be transferred. Article 1017 of the Revised Statutes provides in substance, among other things, that after a judgment has been affirmed under article 1016, the court may at any time within fifteen days after such affirmance, upon good cause shown, permit the transcript to be filed and the case to be tried upon its merits. The transcript must be filed in the court of the district in which the case was tried; and no authority is given for filing it in the court of any other district. Therefore, if the application for a summary affirmance be transferred, we may have the anomaly of a motion to affirm in one court and an appeal or writ of error to reverse the same judgment in another. That is to say, we will have two courts exercising appellate jurisdiction over the

same case at the same time. Not only this, but if the application be transferred, the court to which it is sent may affirm, although there may be pending at the time a motion to file the transcript in the court from which the transfer was made.

The rule already quoted provides in effect that in order to an affirmance nothing more is necessary than to accompany the certificate with a written request therefor duly signed. This means that it is only necessary to file a motion with the certificate. It is simply a motion for summary action and should be docketed as such; and such, we understand, is the practice in the court which has certified this question. Presumably a different practice prevails in the court in which the request to affirm was originally filed. The statute already quoted applies only to "cases upon the dockets" of the Court of Civil Appeals, and means cases properly upon the general docket.

The case appeared in the report of cases standing upon the docket of the Court of Civil Appeals for the Fifth Supreme Judicial District, made by the clerk of that court in obedience to our order, as a regular cause there pending, and there was nothing to indicate that it was not such. It was therefore inadvertently transferred.

We answer the question certified in the negative; and are of opinion that the Court of Civil Appeals for the Third Supreme Judicial District should strike the motion from the docket and cause the papers relating thereto to be returned to the court in which it was originally filed.