O. L. GRANBERRY ET AL. v. JAMES S. JACKSON.

Decided November 7, 1910.

**1.—Appeal for Delay—Damages.**

   Where a plaintiff in error files an application for writ of error and a supersedeas bond on the very day on which his property levied on is to be sold under the judgment against him, and thereafter takes no steps towards filing the transcript in the appellate court, the defendant may file the transcript and ask for an affirmance of the judgment, and, if the record shows no error or probable ground for appeal, the judgment will be affirmed with damages. Such facts compel the conclusion that the appeal was taken for delay.

**2.—Practice on Appeal—Affirmance on Certificate.**

   When an appellant or plaintiff in error fails to file the transcript in the appellate court within the time prescribed by statute, the appellee or defendant in error may either move that the judgment be affirmed on certificate, or he may file the transcript in the appellate court and ask that the judgment be affirmed, and in either case he is entitled to the statutory damages if it is evident that the appeal was taken for delay only. But the appellate court can not determine whether the appeal was for delay only and award the damages in the case of a motion to affirm on certificate unless the entire record is brought up.

Error from the District Court of Jefferson County.   Tried below before the Hon. L. B. Hightower, Jr.

*Dougherty, Conley & Gordon,* for defendant in error.

No brief for plaintiff in error.

PLEASANTS, CHIEF JUSTICE.—On June the 8th, 1909, defendant in error recovered a judgment in the District Court of Jefferson County against plaintiff in error, O. L. Granberry, and his wife, Annie E. Granberry, for the sum of $765.54, and foreclosing a mortgage lien upon a tract of land described in the petition.   The sum so recovered was the amount due upon two notes executed by said plaintiffs in error in favor of defendant in error, and the lien foreclosed was evidenced by a deed of trust upon the land described in the petition executed by the plaintiffs in error.

   The judgment was by default, but proper citation had been duly served upon plaintiffs in error more than ten days prior to the commencement of the term of court at which said judgment was rendered.

   The petition upon which the judgment was rendered is sufficient in every respect, and the notes and deed of trust upon which the suit was based were produced in evidence upon the trial of the case.

   On July 17, 1909, defendant in error caused an order of sale to be

,issued upon said judgment, and on August 14, 1909, same was levied upon the land described in the judgment by the sheriff of Jefferson County, and said land advertised for sale thereunder on September 7, 1909. On September 6, 1909, plaintiffs in error sued out a writ of error and filed a supersedeas bond which was approved by the clerk of the District Court of Jefferson County, and which is in all respects sufficient under the statute providing for such bonds. Proper citation in error was issued and served upon the defendant in error on September 7, 1909. After thus perfecting their appeal and suspending the execution of the judgment of the court below, plaintiffs in error failed to file any assignments of error and took no steps in the matter of having a transcript prepared and sent up to this court. On November 21, 1909, defendant in error applied for a transcript which was properly made up and delivered to him and was filed by him in this court on November 27, 1909. Plaintiffs in error have filed no briefs in this court. Defendant in error has filed briefs and asks that the judgment of the court below be affirmed with ten per cent damages for delay.

We have examined the record and find no irregularity of any kind in the proceedings. The cause of action alleged by plaintiff in the court below is fully sustained by the evidence appearing in the statement of facts brought up with the record, and the judgment conforms with the pleading and evidence. Upon this state of the record it is apparent that the writ of error was sued out solely for delay, and defendant in error is entitled to have the judgment of the court below affirmed with ten per cent damages. Sayles' Civil Statutes, art. 1024; Grier v. Powell, 14 Texas, 321; Marx v. Brown, 42 Texas, 111; Granberry v. Mussman, 90 S. W., 533.

Defendant in error had the right under the rules to have the transcript brought up (rule 95 for District and County Courts, 102 Texas, 37), and while he may have left the bringing up of the transcript to plaintiffs in error and in case they failed to prosecute their writ of error by filing the transcript in the time required by the statute, have sought and obtained an affirmance on certificate and thus prevented a large part of the delay caused him in the enforcement of his judgment, he was not required to take this course. The suing out of the writ of error without probable ground of error and the filing of a supersedeas bond by plaintiffs in error, thereby suspending the execution of the judgment, having been done for the sole purpose of delay, defendant in error became entitled to his damages, and the fact that he might by a different proceeding have secured a more prompt enforcement of his judgment can not defeat his right to recover the damages awarded him by the statute for the misuse by plaintiffs in error of their right of appeal.

Damages for delay could be awarded on a motion to affirm on certificate, but in such case the entire record should be brought up. If a transcript of the entire proceedings is not brought up, the appellate court can not know that the appeal is taken merely for delay, and in such case could not affirm the judgment of the court below with damages.

The motion of the defendant in error is granted and the judgment of the court below is affirmed with ten per cent damages for delay.

*Affirmed.*