SIMMANG v. SMITH.

(Court of Civil Appeals of Texas. San Antonio. May 29, 1912. On the Merits, Oct. 16, 1912.)

1. APPEAL AND ERROR (§ 627*)—AFFIRMANCE ON MOTION—TIME FOR PROCEEDINGS.

Proceedings by the Supreme Court on transcript filed by defendant in error under the rules, and on motion by him to affirm the judgment, cannot be had till lapse of the 90 days after the perfecting of the writ of error; that is, 90 days after the filing of the petition and bond in the district court, given plaintiff in error by Sayles' Rev. St. 1895, art. 1015, in which to file the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749, 3126; Dec. Dig. § 627.*]

On the Merits.

2. COSTS (§ 260*) — APPEAL — AFFIRMANCE WITH DAMAGES—DELAY.

The circumstances indicating the writ of error was sued out for delay alone, plaintiff in error not having filed a transcript, though the time therefor has elapsed, and not having filed a brief or made any effort to show error, the judgment will, on motion of defendant in error and transcript filed by him, be affirmed, with 10 per cent. damages for delay.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.*]

Error from Bexar County Court; Geo. W. Huntress, Judge.

Action by W. H. Smith against Frank Simmang and others. Judgment for plaintiff; defendant Simmang brings error. Affirmed, with damages.

JAMES, C. J. Plaintiff, W. E. Smith, on November 22, 1911, recovered judgment on a note against Frank Simmang, as principal, and D. A. McAskill and Pat Stevens, as sureties. The judgment provided that said sureties have and recover over against Simmang the amount of the judgment, interest, and costs in the event they, or either of them, are compelled to satisfy the judgment, and that they have execution therefor.

[1] On April 2, 1912, Simmang filed his petition for writ of error with supersedeas bond. On April 4, 1912, a citation in error was served on one of Smith's attorneys. On April 13, 1912, Smith filed in this court a transcript, and on April 18th a waiver of service on him and an appearance with a suggestion of delay, and upon this the clerk set the cause for submission, giving notice, and the same has been submitted.

Article 1015, Sayles' Rev. St., provides that the appellant or plaintiff in error shall file

the transcript in this court within 90 days from the perfecting of the appeal or writ of error. The jurisdiction of this court attaches in a writ of error when the petition and bond are filed in the district court, and appellant has 90 days therefrom to file the transcript.

If appellee be permitted to have the writ of error disposed of in this court prior to the expiration of said 90 days allowed plaintiff in error, or before the latter has filed transcript, upon defendant in error bringing up a record in the meantime, plaintiff in error would be deprived of a right given him by statute.

Defendant in error has, however, the right, under the rules, to file a transcript; but the proceedings of this court thereon must await the filing of the transcript by plaintiff in error within the time he is allowed for doing so. If plaintiff in error should not file a transcript within the time, then such proceedings as are proper may be had in this court on the transcript filed by defendant in error.

Accordingly the submission taken of this cause was premature, and is set aside. The cause will await the proper time for its determination.

### On the Merits.

FLY, J. [2] Defendant in error obtained judgment on a promissory note against Frank Simmang, as principal, and D. A. McAskill and Pat Stevens, as sureties; provision being made for judgment over against the principal in favor of the sureties. Simmang filed his petition for writ of error and supersedeas bond. No transcript has been filed in this court by Simmang; the transcript having been filed by defendant in error, who has filed a motion to affirm the judgment, with 10 per cent. damages for delay. No briefs have been filed and no effort made by plaintiff in error to show any error in the judgment of the county court. The circumstances indicate that the writ of error was sued out for delay alone, and the judgment will be affirmed, with 10 per cent. damages as prayed for.