BARTLEY et al. v. ROBINSON.

(Court of Civil Appeals of Texas. Amarillo. Nov. 15, 1913. Cause Dismissed by Agreement Dec. 13, 1913.)

1. APPEAL AND ERROR (§ 1127*)—MOTIONS TO AFFIRM.

Defendant in error, within 90 days after acceptance of service of the citation in error, filed a complete transcript, with a motion to affirm on certificate, and the motion was denied as prematurely filed; the 90 days not having elapsed. Held, that a similar motion, filed at the next term of court, should be considered as an independent motion, and hence comes too late, not being made at the term of court at which the transcript should have been filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4432–4440; Dec. Dig. § 1127.*]

2. APPEAL AND ERROR (§ 625*)—FILING OF TRANSCRIPT—SUFFICIENCY.

Where defendant in error filed a complete transcript of the record in support of his motion to affirm on certificate, and the motion was denied as prematurely filed, the transcript should be considered a sufficient filing of the record to warrant a consideration of the case on its merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2743; Dec. Dig. § 625.*]

Error to District Court, Lynn County; W. R. Spencer, Judge.

Action between T. M. Bartley and others and John F. Robinson. There was a judgment for the latter, and the former bring error. On motion to affirm. Motion denied.

G. E. Lockhart, of Tahoka, and W. H. Bledsoe, of Lubbock, for plaintiffs in error. W. Boyce and Turner & Wharton, all of Amarillo, and Jno. F. Robinson, of Lubbock, for defendant in error.

HENDRICKS, J. [1] At the last term of the court the defendant in error, John F. Robinson, within 90 days after acceptance of service by his attorney of record of the citation in error, filed a complete transcript of the proceedings in the cause, with a request and motion to affirm on certificate. The 90 days not having expired, we overruled the motion to affirm on certificate, as prematurely filed, and at this term defendant in error proffers another motion of the same nature, if overruled, with a prayer in the alternative for a setting of this case for sub-

mission on its merits. Upon a consideration of the matter, we believe that this motion to affirm on certificate should also be overruled. We are inclined to think that this should be regarded as an independent motion to affirm this cause on certificate, and, not having been filed at the term of the court at which the transcript should be filed, comes too late; the prior motion being premature and overruled, and the term of court having expired, we are not disposed to regard this as a renewal or a carrying forward of that motion for the purpose of determining this particular question.

[2] We, however, believe that the filing by the defendant in error of the transcript at the last term of the court, within the 90 days, and the plaintiff in error having failed to file any transcript in this court, and it appearing upon the face of it at this time to be a complete transcript, in accordance with the statute, that the same is here for all purposes, notwithstanding at the last term of court the defendant in error was not using it for the apparent purpose of aiding his attempted affirmance on certificate; and without extending this opinion on this matter, it is our order that the clerk shall set this case for submission on its merits, awaiting a further disposition of the cause.