BROOCKS v. GUILMARTIN. (No. 6791.)

(Court of Civil Appeals of Texas. Galveston. April 15, 1915. Rehearing Denied April 15, 1915.)

COSTS ⟐260—APPEAL FOR DELAY — DAMAGES.

Where plaintiff in error filing his petition and bond for writ of error and obtaining a writ of supersedeas took no steps to file a transcript in the court of appeal, and filed no briefs, and on the day before submission of the cause filed a motion to dismiss, and no statement of facts or bill of exceptions were filed, the writ of error was sued out for delay, and the judgment would be affirmed with damages.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. ⟐ 260.]

Appeal from District Court, San Augustine County; A. E. Davis, Judge.

Action by J. F. Guilmartin against John H. Broocks and another. From a judgment for plaintiff, defendant Broocks appeals. Affirmed, with damages for delay.

PLEASANTS, C. J. This suit was brought by appellee against appellant and John Polk to recover upon three promissory notes executed by said Polk in favor of appellee and to foreclose a vendor's lien upon a tract of land described in the petition. It is alleged in the petition that the land had been sold by defendant Polk to defendant Broocks, who had assumed the payment of said notes. Judgment is asked against both defendants for the amount due upon the notes and for foreclosure of the vendor's lien. The defendant Polk answered admitting all of the allegations of plaintiff's petition and praying that he have judgment over against the defendant Broocks for whatever amount plaintiff might recover against him. The defendant Broocks answered by general demurrer and general denial. The trial in the court below without a jury resulted in a judgment in favor of plaintiff against both defendants for the amount due upon said notes and for foreclosure of the vendor's lien upon the land described in the petition. This judgment was rendered on the 19th day of January, 1914. An entry on the judge's docket recites that defendant Broocks appeared by attorney and in open court admitted "the indebtedness sued on." The judgment was not excepted to and no notice of appeal was given. Thereafter on March 27, 1914, defendant Broocks filed his petition and bond for writ of error and obtained the issuance of a writ of supersedeas. He took no steps to procure and file a transcript in this court. Appellee on May the 28th applied for and procured a transcript which he filed in this court on June 8, 1914, within 90 days after waiver of service of writ of error had been filed. No statement of facts has been filed, and the record contains no assignment of error, nor bill of exceptions. Appellee, on December 16, 1914, filed in this court a motion reciting the foregoing facts and asking that the case be affirmed with 10 per cent. damages for delay. This motion was taken with the case. On March 3, 1914, the day before the cause was submitted, appellant, who has filed no briefs, filed a motion to dismiss the appeal.

We have examined the record and find no error or irregularity of any kind, and the facts shown by the motion to affirm, and which we have before stated, compel the conclusion that the petition for writ of error was sued out and the execution of the judgment of the court below suspended for the sole and only purpose of delaying plaintiff in the collection of his debt. This being so, plaintiff had the right to bring up the record and have the judgment of the court below affirmed with 10 per cent. damages. Granberry v. Jackson, 132 S. W. 508.

It follows from these conclusions that the motion to dismiss should be overruled, and the motion to affirm with 10 per cent. damages granted, and it has been so ordered.

Affirmed, with 10 per cent. damages for delay.