**RAMEY et al. v. PHILLIPS. (No. 2206.)**

(Court of Civil Appeals of Texas. Amarillo. June 6, 1923.)

1. **Costs ⟺260(3)—Appellee held entitled to affirmance of judgment with damages for delay on failure of appellant to proceed with appeal.**

Where appellant complied with Vernon's Sayles' Ann. Civ. St. 1914, arts. 2084, 2099, 2101, as to giving notice of appeal and filed his supersedeas bond, the appellate court had jurisdiction, and, on his failure to file a transcript therein, within 90 days after perfecting the appeal, as required by article 1608, under article 1610, and rules 11a, 39, for the Courts of Civil Appeals (142 S. W. xi, xiv), the appellee, on filing a certificate of the clerk of the trial court stating when the appeal perfected, and a full and complete transcript of all proceedings in the lower court, was entitled to affirmance of the judgment, and under article 1629 to 10 per cent. damages for delay, even if article 1627, Vernon's Ann. Civ. St. Supp. 1922, relating to damages for a frivolous appeal, be construed as applying only to cases where the appellant, after perfecting the appeal, files a transcript in the appellate court.

2. **Appeal and error ⟺1127—Appellee asking affirmance of judgment not required to file full and complete transcript of proceedings in trial court.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1610, relating to affirming a judgment on application of an appellee, and rule 11a for the Courts of Civil Appeals (142 S. W. xi), it is not necessary for the appellee, asking affirmance of a judgment, to file in the Court of Civil Appeals a full and complete transcript of all the proceedings in the trial court.

3. **Costs ⟺262 — On motion of appellee for damages for vexatious appeal, appellate court is required to review the entire record.**

Where an appellee files a motion for 10 per cent. damages under Vernon's Sayles' Ann. Civ. St. 1914, art. 1629, for failure of the appellant to proceed with his appeal, the appellate court is required to review the entire record.

Boyce, J., dissenting.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by M. L. Phillips against A. T. Ramey and others. From judgment for plaintiff, defendants appeal. Affirmed.

Pearson & Monning, of Amarillo, for appellee.

HALL, C. J. [1] The appellee, Phillips, sued A. T. Ramey and others to recover the amount of certain vendor's lien notes and to foreclose the lien upon lands described in the petition. It was contended by the defendants that one note, in the sum of $145, executed by Ramey to Phillips, represented usurious interest on the original

---

notes sued upon. By agreement of all parties in open court only one issue was submitted to the jury as follows:

"Was the note for $145 dated February 17, 1921, and which was introduced in evidence herein, given by A. T. Ramey and received by M. L. Phillips as additional interest from said date on the three notes sued on herein."

The jury answered "No." By agreement of parties no other issues were submitted. Judgment was rendered for Phillips for the full amount sued for, including attorney's fees, and a foreclosure of the vendor's lien was decreed. On December 15, 1922, Ramey and one other defendant filed a motion for new trial, which was on said date overruled. Supersedeas bond was filed January 4, 1923. Nothing further was done by Ramey and others in the matter of prosecuting the appeal; and in an effort to bring the case properly into this court. No statement of facts was ever filed, no transcript has been applied for, and no briefs by appellant have been filed either in the court below or in this court. On the 10th day of April, after judgment, appellee applied for a transcript which was filed in this court on April 14th. As shown by the certificate of the clerk of the district court, the transcript is a full and complete transcript of all the proceedings in the lower court. Accompanying this transcript is the motion of Phillips that the judgment of the trial court be affirmed, with 10 per cent. damages for delay. V. S. C. S. art. 1610, provides that, in case the appellant shall fail to file a transcript of the record, as directed in chapter 6, tit. 32, then it shall be lawful for the appellee to file with the clerk of the Court of Civil Appeals a certificate of the clerk of the district court, attested by the seal of the clerk of the lower court, stating the time when such appeal was perfected, whereupon it shall be the duty of the Courts of Civil Appeals to affirm the judgment of the court below unless good cause can be shown why such transcript was not filed by the appellant, and that, if a copy of the bond accompanies the certificate of the clerk of the court below, the judgment shall be affirmed against the sureties on the bond. Rule 11a for the Courts of Civil Appeals (142 S. W. xi) is as follows:

"When affirmance is asked upon certificate, there need be nothing more than a request for affirmance, signed by the party, or his counsel; but such request shall be accompanied by a transcript of the record of the proceedings in the trial court sufficient to show that such trial court had jurisdiction of the subject-matter and parties. The certificate of the clerk shall otherwise conform to the requirements of article 1610, R. S. of Texas. Such motions shall not be submitted sooner than ten days after being filed and the appellee, or defendant in error, may be heard on a motion to dismiss the certificate or on a motion to file a transcript of the record, or on a motion to set aside the judgment rendered, as in other cases of rehearing."

[2] It is apparent that, under the above-mentioned article of the statute and rule 11a, which we quote, in order to secure an affirmance of the judgment where the appellee may be entitled to it, it is not necessary for him to file in this court a full and complete transcript of all the proceedings. V. S. C. S. art. 1627 (1922 Supp.), provides:

"Whenever the Courts of Civil Appeals on the trial of cases brought from an inferior court shall affirm the judgment or decree of said inferior court, or when said court shall proceed to render such judgment or decree as should have been rendered by the court below, said court shall, at the same time, render judgment against the appellant, or plaintiff in error, and the sureties on his appeal bond (a copy of which bond shall always accompany the transcript of the record) subject to such disposition as to costs on said appeal as said courts may order; and said Courts of Civil Appeals shall, in their discretion, include in said judgment or decree, such damages, not exceeding 10% of the amount of the original judgment, as the court may deem proper, and the judgment or decree of said courts rendered as contemplated in this article shall be final."

Article 1629, Vernon's Sayles' Ann. Civ. St. 1914, provides:

"Where the court shall be of opinion that an appeal or writ of error has been taken for delay, and that there was no sufficient cause for taking such appeal, then, and in that case, the appellant or plaintiff in error, if he be the defendant in the court below, shall pay ten per cent. on the amount in dispute as damages, together with the judgment, interest and cost of suit thereon accruing."

Under the new rules for Courts of Civil Appeals, effective September 1, 1921, it is provided by rule 39 (230 S. W. viii):

"When the appellant or plaintiff in error has failed to prepare the case for submission by the omission of what is required after bond or affidavit filed for appeal or writ of error with citation served, the appellee or defendant in error, before the call of the case, may file in the Court of Civil Appeals his brief, which the court may, in its discretion, regard as a correct presentation of the case and upon which it may, in its discretion, affirm the judgment of the trial court, without examining the record further than to see that the judgment is one that can be affirmed under the view presented by the appellee or the defendant in error."

New rule 39 seems to be a reconstruction of and an amendment of old rule 42 (142 S. W. xiv).

Appellee is clearly entitled to an affirmance of the judgment below upon compliance with the provisions of V. S. C. S. art. 1610, Court of Civil Appeals rule No. 11a, and new rule 39. V. S. C. S. art. 1608, requires the appellant to file his transcript in this court within 90 days after perfecting the appeal. Having failed to file his transcript within the time limit, we think, under the authorities hereinafter cited, the appellee had the

right to file a complete transcript, and move not only for an affirmance of the judgment on certificate, but at the same time to move under V. S. C. S. art. 1629, supra, for an award of 10 per cent. damages for delay. If appellee had filed a transcript and a motion to affirm on certificate under V. S. C. S. art. 1610, before the expiration of the 90 days in which appellant might have filed a transcript, his motion would have been denied as having been prematurely filed. Simmang v. Smith (Tex. Civ. App.) 150 S. W. 494; Morris v. Anderson (Tex. Civ. App.) 147 S. W. 367; Moore v. Hitchler, 16 Tex. Civ. App. 44, 40 S. W. 197; Bartley v. Robinson (Tex. Civ. App.) 161 S. W. 386; Fontana v. Reed Grocery Co. (Tex. Civ. App.) 208 S. W. 933.

[3] Appellee is not attempting to appeal from the trial court's judgment because he is dissatisfied with the result in that court. Appellant appealed, and, by complying with the terms of V. S. C. S. arts. 2084, 2099, and 2101, has given this court jurisdiction of the case. By the filing of his motion and brief in this court appellee seeks, first, the affirmance of the trial court's judgment, and, second, 10 per cent. damages for the frivolous appeal. His motion for 10 per cent. damages under article 1629 requires us to review the entire record, which appellee has filed in this court to enable us to do so. Before the court rules were amended old rule 43 for the Courts of Civil Appeals (142 S. W. xiv) provided for the submission of the case upon a record by appellee, and upon suggestion of delay Courts of Civil Appeals were authorized to assess 10 per cent. damages. Old rule 43 was not included in the new rules which became effective September 1, 1921. Therefore, that branch of the appellee's motion in which he seeks damages, must be governed by V. S. C. S. art. 1627 or article 1629. From the wording of article 1627 as amended (V. S. C. S., Supp. 1922) it may be inferred that it refers only to cases brought from inferior courts and standing regularly for trial upon the dockets of the Courts of Civil Appeals. We think, however, that article 1629, which also provides for 10 per cent. damages for delay, applies to cases where an appeal or writ of error has been taken, and where the appellant has done nothing toward having his case submitted in this court further than giving notice of appeal and filing his appeal or supersedeas bond in the trial court in accordance with articles 2084, 2099 and 2101. Unless this was the legislative intent, then no reason can be assigned for the existence of articles 1627 and 1629, both providing for 10 per cent. damages. When the appellant gave notice of appeal and filed his supersedeas bond in the court below the jurisdiction of this court attached for all practical purposes. Pleasants, Justice, said in Houston, B. & T. Ry. Co. v. Hornberger (Tex. Civ. App.) 141 S. W. 312:

"The perfection of the appeal by the filing of the supersedeas bond conferred upon this court complete and active jurisdiction of the subject-matter of the suit and of the parties in their relation to such matter so long as the appeal may be pending in this court."

This holding was approved by the Supreme Court in the same case. 106 Tex. 104, 157 S. W. 744. Levy, J., in an exhaustive discussion of many cases, declared the result of the preliminary steps necessary to perfect the appeal in Gordon v. Rhodes et al. (Tex. Civ. App.) 104 S. W. 786, as follows:

"Under the statutes * * * an appeal is held to have been perfected when taken during the term of the court at which the final judgment in the cause is rendered, and by the giving notice of appeal in open court within 2 days after final judgment, or 2 days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law. * * * After the appeal is thus perfected, then the trial court loses its power in respect to those things which might trench in the appellate functions, and the jurisdictions of the Court of Civil Appeals attaches. [Citing statute and authorities.] So, by reason of and under this statute, in any case where appeal is allowable, after the giving of the notice of appeal in open court and filing the bond, the case is an appealed case. As soon as the case was tried in the district court below, the potential jurisdiction conferred upon the Courts of Civil Appeals was waiting to be called into active exercise. A case cannot be appealed until tried in an inferior court. * * * The active jurisdiction of the Court of Civil Appeals is called into exercise, and actually applied, when the parties of the particular case do or perform some act in the particular case under authority of law. Townes on Texas Pleading, p. 23. The giving of the notice of appeal in term time of the court, and entering it of record, is an act of the parties in the particular case (Executors of Lockhart v. Lockhart, 1 Tex. 199), as is likewise the giving of an appeal bond (Burr v. Lewis, 6 Tex. 80). The term, as used in the statute, 'the appeal is held to have been perfected,' referring to the giving of the notice of appeal in term time and filing the bond, means that the removal of a cause from an inferior to a superior court is brought to consummation or completeness. * * * It is plain and clear that the practical idea of the term 'appeal is perfected' is that the act of the parties in the particular case, by giving notice of the appeal and filing the appeal bond, have completely lodged appellate jurisdiction of the action in the Courts of Civil Appeals. Nothing further is left to be done by the parties to the particular cause to give active jurisdiction or power to hear and review the action of the trial court. It follows, therefore, that the active jurisdiction in the particular case for all purposes attached to the Courts of Civil Appeals when the appeal was perfected. [Citing authorities.]"

Judge Levy further says in the same case:

"On the 9th of July, 1907, the active jurisdiction of the Court of Civil Appeals for the

Fifth District attached over this appeal, and then awaited the exercise of that active jurisdiction when the transcript of the record of this cause and the briefs should, in the time prescribed by law, be filed and docketed therein; or, in the event of the failure of the appellants to thus prosecute the appeal, the appellees could call into exercise that jurisdiction in the manner authorized by law, or obtain a finality of the appeal as prescribed by law. * * * The appeal is 'pending' when undecided. * * * So would this case be 'pending' as well as after the appeal is perfected as required by law as if the transcript was on the docket and unsubmitted for review. Filing the transcript is not the act that gives appellate jurisdiction to the Court of Civil Appeals. * * * The purpose of the transcript of the record of the cause is to bring the matter of review before the court as to the subject-matter therein to be revised."

If the appellee in the instant case wanted only an affirmance of the judgment he was not required to file a full and complete transcript of the proceedings in the lower court. Article 1610, supra; Court of Civil Appeals rule 11a. Neither expressly nor by implication is he prohibited from filing a complete transcript where only an affirmance is requested. Where damages for delay are sought a complete transcript is required in order that this court may determine whether or not the appeal was perfected simply for delay. The case of Granberry v. Jackson, 62 Tex. Civ. App. 597, 132 S. W. 508, is in all respects like the case before us. The plaintiffs in error perfected their appeal by suing out a writ of error, filing a supersedeas bond, and having citation issued and served. They filed no assignments of error and took no steps toward having a transcript prepared and filed in the Court of Civil Appeals. Thereafter the defendant in error filed a transcript, and prayed, as in this case, that the judgment below be affirmed, with 10 per cent. damages for frivolous appeal. In disposing of the motion Judge Pleasants said:

"Upon this state of the record it is apparent that the writ of error was sued out solely for delay, and defendant in error is entitled to have the judgment of the court below affirmed, with 10 per cent. damages. * * * Defendant in error had the right under the rules to have the transcript brought up, * * * and while he may have left the bringing up of the transcript to plaintiffs in error, and, in case they failed to prosecute their writ of error by filing the transcript in the time required by the statute, have sought and obtained an affirmance on certificate, and thus prevented a large part of the delay, caused him in the enforcement of his judgment, he was not required to take this course. The suing out of the writ of error without probable ground of error, and the filing of a supersedeas bond by plaintiffs in error, thereby suspending the execution of the judgment, having been done for the sole purpose of delay, defendant in error became entitled to his damages, and the fact that he might by a

different proceeding have secured a more prompt enforcement of his judgment cannot defeat his right to recover the damages awarded him by the statute for the misuse by plaintiffs in error of their right of appeal. Damages for delay could be awarded on a motion to affirm on certificate, but in such case the entire record should be brought up. If a transcript of the entire proceedings is not brought up, the appellate court cannot know that the appeal is taken merely for delay, and in such case could not affirm the judgment of the court below, with damages."

The motion to affirm and to assess damages was granted. The right of appellees to both an affirmance upon certificate and 10 per cent. damages for delay when his motion is accompanied by a complete transcript has been recognized frequently by our courts. Broocks v. Guilmartin (Tex. Civ. App.) 175 S. W. 794; Ernst v. Anheuser-Busch Brewing Association (Tex. Civ. App.) 26 S. W. 457; Silliman v. Dickson et ux., 68 Tex. 623, 5 S. W. 408; Simmang v. Smith, supra; Goode v. Carrell (Tex. Civ. App.) 34 S. W. 350; Adams v. Jordan (Tex. Civ. App.) 136 S. W. 499; Burr v. Lewis, 6 Tex. 76; Marx v. Brown, 42 Tex. 111; Grier v. Powell, 14 Tex. 321. There seems to be no question as to the right of the appellee to damages for frivolous appeal where the appellant, after perfecting the appeal, files a transcript in this court. Article 1627. We think article 1629 was intended by the Legislature to confer the same right upon appellee where the appellant does nothing after perfecting his appeal toward submitting the case in this court. According to the above authorities we think he clearly has the right, not only to move for an affirmance of the judgment, but to bring a complete transcript into this court, and, if the record authorizes it, to move for an affirmance with damages for delay.

The motion is therefore granted, and the judgment is affirmed, with 10 per cent. damages.

KLETT, J. (concurring). I believe that under article 1629 it is the duty of the Court of Civil Appeals to add the 10 per cent. damages where there is an affirmance on certificate. As a general power it is within the "discretion" of the courts, "on the trial of cases" in the Courts of Civil Appeals, under article 1627, to include such damages as they may deem proper, "not exceeding 10 per cent.," but by special statute (article 1629) the penalty of the law is inflexible "where the court shall be of opinion that an appeal or writ of error has been taken for delay, and that there was no sufficient cause for taking such appeal." When such condition exists the language of the statute is mandatory that "then, and in that case" the defendant "shall pay the 10 per cent." damages. My opinion is that a proper construction of the statutes mentioned is that, if an appeal is taken "for

delay," and without "sufficient cause," it becomes the duty of the court to add the full 10 per cent. penalty without regard to affirmance on "certificate" or "on the trial of cases." Article 1629 makes no distinction between the methods of affirmance. It punishes all frivolous appeals. There is no reason why the appellate court cannot determine in any proceeding to affirm on certificate whether an appeal is "for delay" and without "sufficient cause." In fact, an affirmance on certificate will not be granted under article 1610 if "good cause" can be shown why the transcript was not filed; and, even though the judgment is affirmed on certificate, under article 1610, the court may, "at any time within 15 days after such affirmance," permit the transcript to be filed and the "case to be tried on its merits," provided the appellant show "good cause" why the transcript was not filed in time. Although the affirmance on certificate is obtained upon motion, and not upon a trial of the case, nevertheless the appellant is served with notice of such motion under rule 15a of the Court of Civil Appeals (142 S. W. xi) and surely, if the appellant has any excuse "for delay" of the appeal, or proof of "good cause" for not filing the transcript, he is given reasonable opportunity to furnish it under the statutes and rules cited. If the appellant fails or refuses, after such notice and opportunity, to show "good cause" for not filing the transcript and prosecuting the appeal, the court is warranted in finding that the appeal was "for delay" and without "sufficient cause." On the other hand, if the appellant appears under article 1610 and shows "good cause" why the transcript was not filed, and the court then allows the transcript to be filed and permits the "case to be tried on its merits" under article 1611, it is still within the discretion of the court, under article 1627, to add such damages as it may deem proper, "not exceeding ten per cent."

BOYCE, J. (dissenting). I do not think appellee is entitled to the reward of 10 per cent. damages, and respectfully dissent from the decision of the majority of the court as to such matter.

The appellant failed to file the record within the ninety days after the appeal was perfected. After the expiration of such ninety days the appellee filed in this court his motion to affirm on certificate, accompanying the motion with a complete transcript, and the present hearing is on the motion to affirm on certificate.

An award of damage is only made after trial of the appeal on its merits. This is apparent from the language of the statute which authorizes the award of such damages. Article 1627, R. S., provides that the court of Civil Appeals, "on the trial of cases brought from an inferior court," may, in affirming a judgment, "include in their said judgment or decree such damages, not exceeding 10 per cent. on the amount of the original judgment, as the court may deem proper." This article does not specify the grounds on which such damages shall be allowed. This is done by article 1629, which provides that such damages shall be allowed "where the court shall be of opinion that an appeal or writ of error has been taken for delay, and that there was no sufficient cause for taking such appeal." Obviously, it could not be determined whether there was "no sufficient cause for taking the appeal" without an examination of the merits of the case. It has always been held that the request for damages on suggestion of delay requires the court to examine the entire record for errors, whether assigned or not, and a reversal of the case if any errors are found. Riggs v. Horde, 25 Texas Supp. 456, 78 Am. Dec. 584; Tidwell v. Starr (Tex. Civ. App.) 42 S. W. 779; Lundy v. Little, (Tex. Civ. App.) 227 S. W. 538.

A motion to affirm on certificate involves no inquiry into the merits of the case. Revised Statutes, art. 1610; Dandrige v. Masterson, 105 Tex. 511, 152 S. W. 166. The motion does not put the case on the trial docket for disposition in its regular order, but it is disposed of summarily after 10 days' notice to the appellant; it presents no case for trial in the Court of Civil Appeals. Taber v. Chapman, 92 Tex. 263, 47 S. W. 710. In my opinion an appellee may not, under the guise of a motion to affirm on certificate, file the record out of time, secure an advancement of his case and a trial thereof on the merits, so as to secure an affirmance thereof with 10 per cent. damages. That is what has been done in this case.

While there is no express provision of law authorizing appellee to file a transcript even within the 90-day limit now allowed by law, it has always been held that the appellee may file the record within such time. But it was held in the case of Hunt v. Askew, 46 Tex. 247, 251, that the appellee would not, after the expiration of the time limit for filing the record, be permitted "to file the transcript of the record to be regarded as a record upon which damages on affirmance can be awarded." The court in that case said:

"If the appellee should think the chance of obtaining damages for delay is worth more to him than the risk of losing the cost of his transcript, if appellant should also file a transcript, he has the privilege of filing the transcript on or before the first day of the assignment [that being the time fixed by the statutes in force at that time for the filing of transcripts]; otherwise he must rely upon filing his certificate for a mere affirmance of the judgment, if appellant fails to file the transcript."

This statement excludes the idea that damages might be awarded on hearing of a

motion to affirm on certificate. This further quotation from the same case will throw light on any question as to the consideration that should be given to a transcript filed with the motion to affirm on certificate:

"When a complete transcript is filed, in place of and as a substitute for a certificate, by appellee, as has often been done, and it is found to contain those parts of the case which are required to be certified to in a certificate, it may be acted on by this court as such, and for that purpose, may be filed without asking the leave of court."

While the language of the statutes in force at the time of the decision referred to varies in some respects from that of the statute of the present time, the provisions, in so far as they affect the question under discussion, were substantially the same, and the reasons for the conclusions announced in the case apply, in my opinion, to the statutes now in force.

The case of Granberry v. Jackson, 62 Tex. Civ. App. 597, 132 S. W. 508, cited in the majority opinion, does not seem to me to be in point. The record in that case was filed by the appellee within the 90-day period. A case was thus presented for trial on its merits. There was no motion to affirm on certificate filed, and the case was disposed of on its merits, and damages awarded. It is true that the court said in the opinion that "damages for delay could be awarded on a motion to affirm on certificate;" but the statement was unnecessary to a decision of the case, and is dicta. Nor do I think that the other cases cited in support of the proposition stated by the Chief Justice that "the right of appellees to both an affirmance upon certificate and 10 per cent. damages for delay when his motion is accompanied by a complete transcript has been recognized frequently by our courts" sustain the proposition stated. In most of the cases cited the record appears to have been filed within the required time presenting a case regularly for trial. In only two of the cases (Ernst v. Anheuser-Busch Brewing Association (Tex. Civ. App.) 26 S. W. 457, and Burr v. Lewis, 6 Tex. 76, does it appear that the case came into the appellate court on motion to affirm on certificate. In Ernst v. Anheuser-Busch Brewing Ass'n defendants in error filed a motion to affirm on certificate, which was granted. On motion for rehearing, filed by plaintiff in error, the court permitted the plaintiff in error to file the record, and the case was then on the docket for trial on the merits as authorized by article 1611, and was thereafter affirmed with damages. This article, which provides for the filing of the transcript by the appellant or plaintiff in error under conditions therein provided, also expressly provides for a trial of the case thereafter "on its merits," and itself indicates that there is no trial on the merits on the hearing of a motion to affirm on certificate. The question of damages for delay was not involved in the case of Burr v. Lewis.

These reasons impel me to respectfully dissent.