**YETT, Mayor, et al. v. COOK et al.**
(No. 6028.)

(Court of Civil Appeals of Texas. Austin. May 20, 1925.)

**I. Appeal and error ⚖➡1127—Court of Civil Appeals without authority on motion to affirm on certificate to do more than affirm judgment of trial court.**

Court of Civil Appeals was without authority on motion to reform judgment and to affirm on certificate to do more than affirm judgment of trial court, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1608, 1610, Court of Civil Appeals rule No. 11a, and new rule 39.

**2. Appeal and error ⚖➡1127—Part of motion seeking modification and reformation of judgment on motion to affirm certificate could be disregarded as surplusage.**

Where motion to affirm on certificate also sought a reformation of the judgment, such relief could be disregarded as surplusage, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1608, 1610, Court of Civil Appeals rule No. 11a, and new rule 39, requiring, on motion for affirmance on a certificate, nothing more than a request therefor signed by party or his counsel.

**3. Appeal and error ⚖➡1127—Jurisdiction of trial court not in issue on motion to affirm on certificate.**

On motion to affirm on certificate, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1610, jurisdiction of trial court to render judgment was not in issue.

**4. Mandamus ⚖➡74(2)—Would lie to compel municipal officers to conduct election, though date fixed by law had passed.**

Mandamus would lie to compel municipal officers, charged with duty of calling and conducting an election on a certain day designated in city charter, at which their successors in office were to be named, to conduct an election where they had superseded judgment in mandamus proceedings, requiring them to call election on date prescribed by charter, and thereby prevented its execution on that date, though date fixed by law governing particular election had passed.

**5. Mandamus ⚖➡187(10)—Mandates of judgment of mandamus, when affirmed, are as binding as they were before appeal.**

When judgment of mandamus is affirmed, its mandates are as binding as they were before appeal, and, if supersedeas prevents their enforcement at particular time designated in judgment, they are enforceable after affirmance in same manner as before, except as to time designated, and trial court is invested with same authority to issue same writs for their enforcement as if no appeal had been taken.

Appeal from District Court, Travis County; George Calhoun, Judge.

Mandamus by Charles B. Cook and others against W. D. Yett, Mayor of the City of Austin, and other officials. Writ awarded. On motion by petitioners to reform and modify judgment and affirm on certificate. Motion to reform and modify denied, and motion to affirm on certificate granted.

See, also, 268 S. W. 715.

Cofer & Cofer, of Austin, for appellants, against the motion.

J. Harris Gardner, White, Wilcox, Graves & Taylor, D. K. Woodward, Jr., and Paul D. Page, Jr., all of Austin, for appellee Charles B. Cook, for the motion.

BLAIR, J. January 2, 1925, relator Chas. B. Cook filed a petition for mandamus to compel respondents, W. D. Yett, in his capacity as mayor of the city of Austin, C. N.

Avery, H. W. Nolan, H. L. Haynes, and George P. Searight, in their respective capacities as city councilmen, and Joe Hornsby, as city secretary of the city of Austin, to call and hold an election on February 2, 1925, the date fixed by the charter of said city for the election of a mayor and councilmen to succeed respondents. Respondents C. N. Avery and H. W. Nolan filed answers joining the relator Cook in his request for mandamus. All the other respondents contested the mandamus.

The mandamus writ was awarded requiring respondents to call and make provisions for the holding of the election on the date prescribed by the charter; whereupon the contesting respondents gave notice of appeal, and perfected the same, in the trial court by filing a supersedeas bond within the time prescribed by law. They also filed assignments of error upon which the appeal was predicated; but they did nothing further in prosecuting the appeal.

After the expiration of more than 90 days from the date of the filing of the supersedeas bond by the contesting respondents, relator Cook filed this motion in which he asked that the judgment be reformed as to the date for holding the election, and thereupon affirmed as upon certificate. He accompanied the motion with a complete transcript of the record of the proceedings had in the trial court, including the assignments of error of the contesting respondents. Article 1608, V. S. C S., requires the appellant to file his transcript within 90 days after perfecting his appeal in the trial court. Where he fails to do so, the appellee is entitled to an affirmance of the judgment below upon compliance with the provisions of article 1610, V. S. C. S., Courts of Civil Appeals rule No. 11a, and new rule 39. Neither that article nor the rules mentioned, which prescribe the limits of our jurisdiction, authorize this court to modify or reform the judgment.

The authority of the Court of Civil Appeals in this respect has been construed by the Supreme Court in many cases. In the case of Dandridge v. Masterson, 105 Tex. 513, 152 S. W. 167, Judge Brown, speaking for the Supreme Court, and after quoting article 1610, supra, says:

"The authority of the Court of Civil Appeals is given by that article alone and its terms are plain and simple. The copy of the judgment of the trial court, notice of appeal and bond as represented were a full compliance with the law, and the Court of Civil Appeals was required by law to perform an act summary in its character which called for the exercise of neither judgment nor discretion."

The case of Ry. Co. v. Greenwood, 40 Tex. 367, was cited by Judge Brown, in which case Chief Justice Roberts had construed the statute in the same manner many years prior to the decision just quoted from.

In the case of Taber v. Chapman, 92 Tex. 263, 47 S. W. 710, Judge Gaines held that a motion to affirm on certificate under this article of the statute was not a civil case upon the docket of the Courts of Civil Appeals, and in disposing of the question said:

"It is clear that the law contemplates that an application to affirm on certificate shall be promptly disposed of without reference to the ordinary causes pending upon the docket of the court. It is a summary proceeding and requires but little time or labor."

See, also, Ramey v. Phillips (Tex. Civ. App.) 253 S. W. 323; Texas Portland Cement Co. v. Lumparoff (Tex. Civ. App.) 204 S. W. 366; Scott v. McClain (Tex. Civ. App.) 246 S. W. 1118; and many other cases cited by these authorities.

[1, 2] We have concluded that our authority on the motion does not extend beyond the affirmance of the judgment of the trial court, which is here ordered. Although the motion in terms seeks a modification and reformation of the judgment, we think that portion of the relief sought immaterial, and we may disregard it as surplusage, since the statute and rules for affirmance on certificate require "nothing more than a request for affirmance, signed by the party or his counsel."

The contesting respondents have filed their reply to the motion to affirm on certificate, and urge the following three propositions why the judgment should not be affirmed:

"First. Where the subject matter of a suit has become moot and the questions abstract, the Court of Civil Appeals will enter no order.

"Second. A suit of this nature, in which one private individual, citizen and voter, has and can have no interest different from that of all other individuals, citizens and voters, cannot be maintained at the suit or on the relation of a private individual, citizen or voter.

"It was fundamental error for the district judge to entertain this suit in the name and on the relation of C. B. Cook, the appellee, and because of such fundamental error the judgment should not have been rendered and should not now be affirmed.

"Third. It was fundamental error for the district judge at chambers, while his court was in regular session, to render the judgment awarding a peremptory mandamus. Such judgment at chambers is void and should not be affirmed."

[3] The last two of these propositions relate to the jurisdiction of the court to render the judgment, and cannot be considered in a proceeding of this character. The jurisdiction of the trial court is not an issue in a proceeding to affirm a judgment upon certificate under article 1610, supra. Dandridge v. Masterson, 105 Tex. 513, 152 S. W. 166. In such proceeding all matters are held to have been waived that were urged by an appellant in the trial court. The sole inquiry under the statute is whether a judgment has been rendered, appealed from, and the appeal not completed. The only requirement to an

affirmance on certificate in this respect under rule 11a of the Courts of Civil Appeals is that the transcript of the record which accompanies the motion to affirm shall show that the trial court had jurisdiction to issue the mandamus in this case and the parties to the judgment were properly before the court.

[4-5] We cannot agree with respondents that the subject-matter of this judgment has ceased to exist and that the controversy has thereby become moot. Their contention is that, since the time set for holding the election, that is, February 2, 1925, has passed, the orders, entries, etc., concerning it cannot be executed. They predicate this proposition upon the decisions in Texas and in practically every other jurisdiction that the time and place are of the substance of every election, and that elections must be held at the time and place provided by the charter of a city or statute; otherwise they are void. Cartledge v. Wortham, 105 Tex. 585, 153 S. W. 297; Field v. Hall, 16 Tex. Civ. App. 233, 40 S. W. 749; Gray v. Ingleside Ind. School Dist. (Tex. Civ. App.) 220 S. W. 350; McCrary on Elections (4th Ed.) § 153, citing Sawyer v. State, 45 Ohio St. 343, 13 N. E. 84; Snowball v. People, 147 Ill. 260, 35 N. E. 538; Stephens v. People, 89 Ill. 337; Fowler v. State, 68 Tex. 35, 3 S. W. 255; People v. Wallin, 141 App. Div 34, 125 N. Y. S. 613; People v. Schiellein, 95 N. Y. 124; 1 Dillon on Mun. Corp. (5th Ed.) § 370; Rex v. Pole, 7 Mod. (Eng.) 194; Corpus Juris, vol. 20, p. 101; Paine, The Law of Elections, § 310.

We find numerous other cases sustaining the general rule contended for by respondents that the time of an election is of the essence of its validity, and that the provisions of a city charter or statute regarding the day upon which an election is to be held must be construed as mandatory. These propositions of law are without question correct; but they furnish no authority for the question before us. The question here is: Can the officers of a municipality, charged with the duty of calling and conducting an election upon a certain day designated in the city charter, and at which their successors in office are to be named, defeat and deprive the citizens of that municipality of their constitutional and statutory right to name their successors by their own willful and arbitrary refusal to follow the official mandate and call the election at the time and place fixed by charter?- The arbitrary, and in most instances the mistaken, action on the part of election officials calling an election on a day other than that prescribed by the law authorizing it will not be sanctioned by the courts; neither will their inaction and refusal to call the election upon the date be sanctioned. A mandamus will issue directing them to call and conduct the election in such case, even though the date

fixed by the law governing the particular election has passed. This is the rule here contended for by relator Cook. We do not find that the specific question has been before the courts of this state; but in other jurisdictions the point is well settled, as contended for by relator.

The authority, 26 Cyc. 272, states the rule as follows:

"Where an officer or board is under a clear legal ministerial duty to give notice of and order an election mandamus is an appropriate remedy to compel the performance of that duty, and this, it is held, although the time designated by law for such election has passed."

This same authority, 28 Cyc. 405, says:

"*Time in General:* The time for holding municipal elections and making appointments to office is usually fixed by charter or statute, and if made upon an antecedent date they are void. Statutes fixing the time for holding elections have, however, been held directory merely, and not mandatory, to the extent of permitting and authorizing the election or appointment at a later day than that named in the law, where the body whose duty it is to elect or appoint upon a day certain neglects to perform the duty and the obligation still remains."

The courts passing upon the question have in every jurisdiction where specifically raised sustained these texts.

In the case of State ex rel. Gay v. City of Buckhannon, 96 W Va. 380, 123 S. E. 182, the Supreme Court of West Virginia, in a substantially parallel case to the one here, held:

"Statutes fixing the time for holding elections have been held to be directory, and not mandatory, to the extent of permitting and authorizing an election at a later date than that named in the statute where the authorities whose duty it is to call the election or prepare for and conduct it neglect to perform the duty, and the obligation still remains."

Though the date prescribed for the election had passed, the Supreme Court of Illinois mandamused the trustees of a town who refused to call it in the case of Young v. Trustees of the Town, 51 Ill. 149.

In Russell v. Wellington, 157 Mass. 100, 31 N. E. 630, the Supreme Court of Massachusetts said:

"It must necessarily sometimes happen that an election in concurrence cannot be had within the month or at the time mentioned, and the essence of the thing to be done is that there should be an election, but the time relates only to the regular and orderly change of officers according to the scheme established by the charter."

In State ex rel. Webster v. Commissioners, 29 Md. 516, it is said:

"That it should be in the power and election of subordinate ministerial or executive officers, by refusing to obey the law, to defeat and nullify it, is a proposition too startling to be favorably entertained in a court of justice."

In People ex rel. Jacobs v. Murray, 15 Cal. 221, it is held:

"For the rule is general that, when time is prescribed to a public body in the exercise of a function in which the public is concerned, the period designated is not of the essence of the authority, but is a mere directory provision."

See, also, the case of Lamb v. Lynd, 44 Pa. 336.

State ex rel. Heironimus v. Town of Davis, 76 W. Va. 587, 85 S. E. 779, is a case where the city council, charged with the duty of calling an election on the day named by ordinance, were compelled by mandamus to do so at a later date upon their failure to call on correct date. In that case the following language was used:

"May the council of the town by plain disobedience of this minor mandate as to the time, deprive the citizens of the greater mandate that they shall have an election annually? May it, by disobedience of a mere particular embraced in the whole of the grant to the citizens of a legal right, exonerate itself of disobedience of the whole? Assuredly not. That the council may be compelled by mandamus to reconvene and do that which it was enjoined by the law to do at a particular time before, is only the requirement of reason and right. * * * The same officers are in office. They hold over only by virtue of their original election, not on the pretended election by themselves. Nothing has put it beyond their power to do that which they should have done before. Surely they cannot take advantage of the fact that the day fixed for the election has passed. They themselves allowed it to pass. They cannot thwart the right of the citizens to an election by allowing the day fixed therefor to pass, and thus rely on their own wrong to justify a greater wrong on their part. That they may defeat and nullify the law providing for an annual election by simply neglecting or refusing to obey it, is a startling proposition which does not meet our approbation."

In State ex rel. McGregor v. Young, 6 S. D. 406, 61 N. W. 165, the South Dakota Supreme Court held:

"The duty is imposed upon the board to call an election on the first Monday of April in each year; but when, from any cause, the board has failed to call the election at that time, and to provide the proper ballots, booths, judges, etc., its duty is not performed, and it is its duty to call the election at the earliest practicable day thereafter. Notwithstanding the board of trustees neglected its duty at the proper time, the obligation still rested upon it to call an election at the earliest opportunity. * * * It would be intolerable that a president and board of trustees of a village could perpetuate themselves and the other village officers in office indefinitely, by neglecting to perform their duty of calling an election, providing ballots, booths, judges, etc. Such neglect of duty cannot be beyond the correction of the courts, and, if the officers do not choose to act, the courts will set them in motion, and see that the rights of the electors to elect and be governed by officers of their own selection shall not be either denied or prevented."

So in this case we think that the essence of the thing to be done is that there should be an election; the time for the regular and orderly election having passed. The judgment sought to be affirmed commanded the respondents to call the election on the date described by the charter. They superseded the judgment, and thereby prevented its execution on that date. They now contend that, because the date of the election fixed by the charter and judgment has passed, the relief sought and awarded by the proceeding is no longer available, and the case therefore presents only moot questions. If that contention should be sustained, and respondents or any other municipal officials should desire to perpetuate themselves in office, they could successfully accomplish that end by the procedure adopted by respondents in this case; that is, they could refuse to call the regular election as required by the charter, and, if mandamus issued commanding them to call the election for that date, supersede the mandamus judgment, and by doing nothing further in the prosecution of the appeal, and by holding over in office under the general statute until their successors qualified, their end would be accomplished. But the law will not sanction such procedure. If the essence of the relief sought and granted in this case is an election, then the affirmance of that judgment carries with it the continuing authority of the trial court to execute it just as any other judgment, which has been superseded and affirmed. It would seem a peculiar anomaly in the law if a trial court could not enforce its lawful judgments. The judgment has not been destroyed by the supersedeas; only its execution has been suspended. When it is affirmed, its mandates are as binding as they were before appeal. If the supersedeas prevented their enforcement at the particular time designated in the judgment, they are enforceable after affirmance in the same manner as before, except as to the time designated; and the trial court is invested with the same authority and with power to issue the same writs for their enforcement, as if no appeal had been taken. It is not necessary to such enforcement to modify or reform the judgment. If respondents should persist in ignoring or refusing to obey its mandates, the trial court has ample power to compel the action which the judgment decrees.

The prayer to reform and modify the judgment is denied; the motion to affirm on certificate is granted.

Motion to affirm on certificate granted; prayer to reform and modify judgment denied.