## TEXAS STATE LIFE INS. CO. v. APARICIO et al.

### No. 13688.

Court of Civil Appeals of Texas. San Antonio.

June 7, 1939.

Lawyers Lloyds of Texas, of Dallas, for plaintiff in error.

C. C. Bryant and Brown & Criss, all of Harlingen, for defendants in error.

SMITH, Chief Justice.

On May 17, 1939, this Court granted defendants in error's motion to affirm on certificate, upon a partial transcript of the record embracing only the judgment of the court below, petition, bond and citation in error, officer's return, and bill of costs incurred below. Subsequently, on May 20th, defendants in error filed this motion to assess damages on the certificate, against plaintiff in error for delay, as provided in Arts. 1857 and 1860, R.S.1925. The motion must be overruled.

■ It has always been the rule in this State that a motion, such as this, for damages for delay, or for frivolous appeal, has the effect of opening up the entire record in the case, requiring the appellate court to inspect the record and notice any errors, whether assigned or not, and to assess damages only in the event no error is discoverable, and then only if the court concludes from the whole record that the appeal was not taken in good faith, but for delay only. 2 Tex.Jur. pp. 1135, 1136, §§ 798, 799; Riggs v. Horde, 25 Tex. Supp. 456, 78 Am.Dec. 584; Hunt v. Askew, 46 Tex. 247; Ramey v. Phillips, Tex.Civ.App., 253 S.W. 323; Granberry v. Jackson, 62 Tex.Civ.App. 597, 132 S.W. 508; Floboots Corp. v. Teas, Tex.Civ.App., 110 S.W.2d 180; Levine v. Cullum Boren Co., Tex.Civ.App., 253 S.W. 894; Oilmen's Reciprocal Ass'n v. Coe, Tex.Civ.App., 6 S.W.2d 1046; Rose v. Brantley, Tex.Civ. App., 262 S.W. 193.

■ So is it held by the same authorities that in order to secure the benefit of the statute it is necessary for the moving party to file a complete record of the proceedings in the case below, if none is otherwise filed.

It was held in Hunt v. Askew, supra, and urged in a dissenting opinion in Ramey v. Phillips, supra, that in order to avail himself of the statute the appellee or defendant in error, as the case may be, should file a complete record within the time prescribed by law for filing records,

but it is not necessary to go so far in this case.

■ We do hold, however, that, even if it was not then too late to tender a full record, defendant in error should have tendered such with his motion to affirm on certificate and asked for damages then and thereon, and it is now too late, after the order granting affirmance on certificate has become final, to move for damages for delay, even though the full record were available, which it is not. 3 Tex.Jur. p. 1135, § 798; Ramey v. Phillips, supra; Granberry v. Jackson, supra.

In any event, defendants in error have asked for damages for delay upon an incomplete record, from which this Court cannot determine the good faith of plaintiff in error in perfecting writ of error. That being the case, the motion for damages must be denied.

It is so ordered.