Harry PLATZER, Appellant,

v.

Frances PLATZER, Appellee.

No. 14406.

Court of Civil Appeals of Texas.

Houston.

Oct. 22, 1964.

John M. Robinson, Houston, for appellant.

Dyche, Wheat, Thornton & Wright, Karl C. Hoppess, E. H. Thornton, Jr., Houston, for appellee.

WERLEIN, Justice.

This is a divorce case in which the sole complaint is that the trial court abused its discretion by making an unfair and unjust division of the community property of the parties.

■■ Since the case is before us without a statement of facts and the court made no findings of fact or conclusions of law, it is impossible for this Court to say that the trial court abused its discretion in the division of the community property or that such division is unfair or unjust. The law is well settled that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment. Commercial Credit Corporation v. Smith, 1945, 143 Tex. 612, 187 S.W.2d 363, and authorities therein cited. Gammage v. Weinberg, Tex.Civ. App.1962, 355 S.W.2d 788, writ ref., n. r. e.

■ Appellee has filed a motion to assess 10% damages against appellant on the ground that the appeal has been taken for delay and that there was no sufficient cause for taking such appeal. It has always been the rule in this State that a motion for damages for delay, or for frivolous appeal, has the effect of opening up the entire record in the case, requiring the appellate court to inspect the record and to assess damages only in the event the court concludes from the whole record that the appeal was not taken in good faith, but for delay only. This Court is without authority to make an award of 10% of the amount in dispute as damages under Rule 438, Texas Rules of Civil Procedure, since a complete record of the proceedings in the trial court has not been filed in this Court. National Surety Corporation v. Stukes, Tex.Civ.App.1961, 350 S.W.2d 900; Granberry v. Jackson, 62 Tex.Civ. App. 597, 132 S.W. 508; Scott v. McClain, Tex.Civ.App., 246 S.W. 1118; Ramey v. Phillips, Tex.Civ.App., 253 S.W. 323; Texas State Life Ins. Co. v. Aparicio, Tex. Civ.App., 129 S.W.2d 794; 4 Tex.Jur.2d, Sec. 867, p. 445.

Appellee's motion to award an additional 10% penalty as damages under Rule 438, T.R.C.P., is denied.

Judgment affirmed.