(42 App. Div. 510.)

PEOPLE ex rel. HOWARD v. BOARD OF SUP'RS OF ERIE COUNTY et al.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

1. STATUTES—LOCAL LAWS—VALIDITY OF CHARTER PROVISION.
    Charter of Buffalo, § 374 (Laws 1895, c. 805), providing that the term of office of a ward supervisor elected by the common council to fill a vacancy shall continue until the next 31st day of December of an odd-numbered year, violates Const. art. 10, § 5, providing that, "in case of elective officers no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."

2. OFFICERS—TERM OF SUPERVISOR APPOINTED TO FILL VACANCY.
    Under Const. art. 10, § 5, fixing the term of officers appointed to fill vacancies in elective offices, the term of a ward supervisor elected by a common council to fill a vacancy expires on the 1st of January next succeeding the first annual election after the happening of the vacancy.

3. MANDAMUS—COUNTY BOARD—COMPELLING RECOGNITION OF MEMBER.
    A board of supervisors can be compelled by mandamus to recognize as a member one who is legally elected supervisor, although another person, who also claims such office, is not made a party.

Appeal from special term, Erie county.

Mandamus proceedings on the relation of Frederick Howard against the board of supervisors of the county of Erie and others. From an order directing the issue of a peremptory writ (56 N. Y. Supp. 318), defendants appeal. Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and NASH, JJ.

John W. Fisher, for appellants.

Tracy C. Becker and Simon Fleischmann, for respondent.

McLENNAN, J. The material facts upon this appeal are not disputed. At a general election held in November, 1897, one Thomas

Tilson was elected supervisor from the Twenty-Fourth ward of the city of Buffalo for the term of two years beginning January 1, 1898, and ending January 1, 1900. He duly qualified, and entered upon the discharge of the duties of his office, and continued to perform such duties until the 31st day of March, 1898, when he died. On the 7th day of April, 1898, the common council of the city of Buffalo, acting under the authority conferred by its charter, duly elected one Herman C. Cleveland to fill the vacancy caused by the death of Mr. Tilson. The city clerk issued to him a certificate to that effect, and Cleveland entered upon the discharge of his duties as supervisor. Before the general election of 1898, the relator applied to the county clerk of Erie county to have his name placed upon the official ballot as an independent candidate for supervisor from the Twenty-Fourth ward of the city of Buffalo, he having obtained a petition or certificate in due form nominating him for such office. The county clerk refused to place the name of the relator upon the ballot, and he applied for a writ of peremptory mandamus to compel the clerk so to do. Such application came on to be heard at a special term, and, after argument and due deliberation, the application was granted, the writ issued, and the county clerk then placed the relator's name upon the ballot. He was voted for at the general election, and elected. The votes were canvassed, and a certificate of election as supervisor of the Twenty-Fourth ward was issued to him by the board of aldermen of the city of Buffalo. The relator presented this certificate to the defendants, and demanded that he be recognized as such supervisor, that his name be placed on the roll, and that it be regularly called at roll call, etc., all of which they refused to do. After such refusal, an application was made by the relator at a special term of the supreme court to compel the defendants to recognize him as such supervisor, and to accord to him such rights and privileges as he was entitled to by virtue of such office. After considering all the facts and circumstances, and after hearing counsel for the relator and for the defendants, the court granted the application, and made an order directing a peremptory writ of mandamus to issue, which is the order brought up for review upon this appeal.

But two questions are presented by this appeal: First. Was the election of the relator at the general election in 1898 effectual to constitute him supervisor of the Twenty-Fourth ward of the city of Buffalo? Second. If such election was effectual, can the defendants be compelled to accord to the relator his rights as supervisor in this proceeding, to which Cleveland, the incumbent, is not a party? The answer to the first question depends upon whether Cleveland's term as supervisor expired January 1, 1899, or whether, by virtue of his election, it continued until January 1, 1900. Section 374 of the charter of the city of Buffalo, under which Cleveland was elected, and by virtue of which it is urged he is entitled to discharge the duties of his office until January 1, 1900, provides: "The term of the person so elected to fill such vacancy shall continue until and including the next 31st day of December of an odd-numbered year, and until his successor shall have been elected and qualified." Laws 1895, c. 805.

If the section of the charter above quoted is to be taken as the law, it is clear that no vacancy would occur until January 1, 1900, that the election of the relator was void, and that Cleveland is entitled to discharge the duties of supervisor until January 1, 1900. The claim of the relator is that the provision of the charter above quoted is in violation of the constitution of this state. Article 3, § 26, of the constitution provides that a supervisor is an elective office. Article 10, § 5, of the constitution provides as follows: "The legislature shall provide for filling vacancies in office, and in case of elective officers no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy." The constitution further provides that the political year shall begin on the 1st day of January. We think the two sections above referred to dispose of the question under consideration, and it follows that the section of the charter above quoted is clearly in contravention of the section of the constitution. The duties of the supervisor of the Twenty-Fourth ward of the city of Buffalo are not confined to the city, but relate to matters embraced within the entire county. Article 12, § 3, of the constitution emphasizes the contention of the relator. That section, which provides for the election of supervisors and other officials in odd-numbered years, expressly exempts from its terms officials elected to fill vacancies. We think, considering the provisions of the constitution above quoted, that it is apparent that it was the purpose of the framers of the constitution to prohibit the legislature from depriving the electors of a town or ward in a county of the right of having a voice in the selection of its supervisor for a longer term than until the next general election after which the office of supervisor elected by such electors should become vacant by death, resignation, or otherwise. If any other construction be given to the provisions of the constitution, it would be competent for the legislature, by prescribing a long term of office for supervisors of counties in case of vacancies, to reorganize such boards by appointment, rather than by vote of the electors. It was undoubtedly the purpose of the constitutional convention of 1894 to divorce municipal from general elections, but it is equally apparent that it was the purpose of such convention to prohibit the selection of elective officers in a county by local authorities for a period extending beyond the next general election wherever vacancies occur. If the contention of the defendants is sound, it would be possible for the legislature to provide that the term of office of the supervisors of any county should be 2, 5, 10, or 15 years, and that in case of a vacancy such office should be filled by the votes of the municipal authorities where such vacancy occurred for the unexpired term of such office, and thus a majority of the board might be elected by others than the electors, and entirely independent of their will. It is apparent by the provisions of the constitution above quoted that it was the intention of the framers of that instrument that the electors of each town and ward in the respective counties should have the right to select its supervisors, except for so long a time in each year as may exist between the date of a vacancy and

the 1st of January following, provided such vacancy occur prior to the general election of that year. It follows that the election of the relator at the general election in 1898 was valid, that he became supervisor of the Twenty-Fourth ward of the city of Buffalo on the 1st day of January, 1899, that he was entitled to hold such office until the 1st of January, 1900, and that Herman C. Cleveland ceased to be supervisor on the 1st day of January, 1899. It also follows that Herman C. Cleveland, in assuming to exercise and perform the duties of supervisor of the Twenty-Fourth ward of the city of Buffalo after the 1st day of January, 1899, is acting without color of right, and for that reason does not occupy the office of an officer de facto. People v. Council, etc., of City of Brooklyn, 77 N. Y. 503; In re Quinn, 152 N. Y. 89, 46 N. E. 175.

There is no disputed question of fact to be disposed of in determining the question of the relator's title. It is to be determined upon the conceded facts, the statute and constitution of the state. Such being the situation, we think that mandamus is a proper remedy to be invoked by him, and that the defendants cannot be heard to say that he should resort to a formal action for a determination of a question not involved in any doubt, or about which there is no conflict in the evidence. This proceeding was instituted simply to compel the board of supervisors of the county of Erie to recognize the relator as a member, he holding the certificate of election for the year 1899. The facts being undisputed, the question of the relator's qualification thus became a question of law, which must be determined on mandamus. People v. Shaw, 133 N. Y. 493, 31 N. E. 512. It must be conceded that in this proceeding the rights of Cleveland cannot be affected, for the reason that he has not been made a party, and it therefore may be necessary for the relator to bring an action of quo warranto against him if he should attempt to retain possession of the office by force. In such proceeding the court could only give judgment for ouster, but, even where an officer holding illegally may be ousted under quo warranto proceedings, it may be necessary that mandamus should issue against the appointing or recognizing power to secure the positive rights of the legal possessor of the office. People v. Tobey, 153 N. Y. 381, 47 N. E. 800. The facts being undisputed, and it having been determined upon such facts that Cleveland had no color of right to the office of supervisor of the Twenty-Fourth ward of the city of Buffalo after the 31st day of December, 1898, and that the relator, by virtue of his election at the general election in 1898, became entitled to assume the duties of such office on the 1st day of January, 1899, and continue in the discharge of such duties until the 1st day of January, 1900, we think that the order appealed from was proper, and that the defendants should be required to in all things comply with the same, and place the name of the relator upon the roll, to call his name in the regular way, and to accord to him all the rights and privileges due to him as supervisor of such ward. It follows that the order appealed from should be affirmed, with costs.

Order affirmed, with costs. All concur.