PEOPLE ex rel. LYON v. WALLIN, Commissioner of Elections, et al.

(Supreme Court, Appellate Division, Second Department. November 4, 1910.)

JUSTICES OF THE PEACE (§ 3*)—ELECTION.

Town Law (Consol. Laws, c. 62) §§ 40, 43, 80, providing that town meetings at which officers, including justices of the peace, shall be elected, shall be held biennially, enacted pursuant to Const. art. 6, § 17, providing for the election of justices of the peace at such time and in such manner as the Legislature may prescribe, are prohibitive against a choice of a justice of the peace at any other election than that prescribed; and, where the biennial meeting of a town will occur in 1911, the fact that there will be a vacancy in the office of justice of the peace of the town on December 31, 1910, does not justify an election at any time or place other than that so prescribed.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 6; Dec. Dig. § 3.*]

Appeal from Special Term, Westchester County.

Proceedings by the People, on the relation of Eugene L. Lyon, against William J. Wallin, Commissioner of Elections, and others. From an order granting relief, defendants appeal. Reversed.

Argued before JENKS, BURR, THOMAS, and CARR, JJ.

Charles G. F. Wahle, for appellants.

Benjamin L. Fairchild, for respondent.

PER CURIAM. Pursuant to constitutional authority (article 6, § 17) the Legislature has prescribed that town meetings whereat officers, including justices of the peace, are elected, shall be held biennially (sections 40, 43, 80, Town Law [Consol. Laws, c. 62]). Such designation is in effect expressly prohibitive against a choice at any other election. People ex rel. Smith v. Schiellein, 95 N. Y. 124. It appears that the biennial town meeting of the town of Pelham occurs in 1911.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Even conceding, then, for argument's sake, that there will be a vacancy in an office of a justice of the peace in that town on the 31st of December next, which cannot be filled by an election, so that there would be an elected justice of the peace in occupation of that office on: the 1st of January next, that condition does not justify an election at any place or time other than that prescribed by existing law. People ex rel. v. Bull, 46 N. Y. 57, 7 Am. Rep. 302; Matter of Schultes, 33 App. Div. 524, 54 N. Y. Supp. 34.

People ex rel. Howard v. Supervisors, 42 App. Div. 510, 59 N. Y. Supp. 476, affirmed on opinion below 160 N. Y. 687, 55 N. E. 1099, does not control. That case concerned the title to the office of supervisor, after an election had been held therefor in an even-numbered year. It was decided that an election could be held in such a year to fill the vacancy in that office, inasmuch as that clause of the Constitution which provided that all elections of city officers, including the office in question, should be held on the first Monday in November in an odd-numbered year, expressly excepted elections to fill vacancies (article 13, § 3). This clause must be read in connection with article 10, § 5, of the Constitution, to the effect that no person appointed to fill a vacancy in an elective office "shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy." The provision of the charter of the city of Buffalo which attempted to continue the term of such appointed officer to the end of an odd-numbered year was, under the circumstances then disclosed, in violation of that constitutional provision, and void. But the question of general statutory authority to hold the election in November, 1898, in the absence of this void provision of the charter, was conceded, or, if not, was neither raised nor considered. The case at bar concerns an attempt to elect a constitutional officer at a time other than that prescribed by the Legislature under constitutional authority.

The order is reversed, without costs.