In the Matter of the Application of FRANCIS B. DELE-
HANTY, Respondent and Appellant, for a Peremptory
Writ of Mandamus against J. GABRIEL BRITT et al.,
as Commissioners of Election of the City of New York,
et al., Appellants and Respondents.

Constitutional law — City Court of city of New York — election
of justices — construction of statute providing for election of
additional justice.

1. Although chapter 489 of the Laws of 1900, providing for the
election of an additional justice of the City Court of the city of
New York at the general election in November, 1900, contravenes
the State Constitution (Art. 12, § 3) by declaring that the term of
the additional justice created by the statute shall be filled for a full
term of ten years, by election in an even-numbered year, neces-
sarily resulting in the expiration of the term in an even-numbered
year, this invalidity in the method of election did not affect the
office.   That was lawfully created and has ever since been in exist-
ence and from the moment it came into being there was a vacancy.

2. The statute provided in explicit terms for an election in 1900,
an even-numbered year, and for no other, but this limitation, fix-
ing the time at which the election for the first term should be held,
did not apply to the second term, which came into existence Janu-
ary 1, 1910.   For that term there should have been an election in
1909, and such election would have been valid under the Constitu-
tion.   The failure to fill the term by election in 1909 created a
vacancy which, under the Constitution, could be properly filled by
election in 1910, for the unexpired term ending in December, 1919,
and, hence, the justice of the City Court elected at that time can
hold the office until December 31, 1919, and there is no present
vacancy in the office.

*Matter of Delehanty* v. *Britt*, 163 App. Div. 736, affirmed.

(Argued August 27, 1914; decided August 28, 1914.)

CROSS-APPEALS from an order of the Appellate Divi-
sion of the Supreme Court in the first judicial depart-
ment, entered August 26, 1914, which affirmed an order
of Special Term granting a motion for a peremptory writ
of mandamus.

The facts, so far as material, are stated in the opinion.

*Frank L. Polk, Corporation Counsel (Samuel J. Rosensohn* of counsel), for defendants, appellants and respondents.    A justice should be elected at the general election held in November, 1914, to fill the vacancy arising by reason of the failure to elect in the fall of 1911 a successor to Mr. Justice Delehanty. (*Matter of Markland* v. *Scully,* 203 N. Y. 158; *Koster* v. *Coyne,* 184 N. Y. 494; *People ex rel. Lyon* v. *Wallin,* 141 App. Div. 34; *Matter of Schutes,* 33 App. Div. 524; *People ex rel. Snyder* v. *Hylan,* 212 N. Y. 245.)

*Herbert C. Smyth* and *Frederic C. Scofield* for relator, respondent and appellant.    The legislature had the right to provide for an additional incumbent of the office of justice of the City Court. (Const. of N. Y. art. 10, § 2.) Provision having been properly made for an additional incumbent of the office, a vacancy was thereby created which was properly filled in the year 1900. (*People ex rel. Ward* v. *Scheu,* 167 N. Y. 292; *People ex rel. Trounstine* v. *Britt,* 212 N. Y. 421; *People ex rel. Snyder* v. *Hylan,* 212 N. Y. 245.)    The second election in 1910 was to fill a vacancy caused by a failure to elect in the previous year. (Cons. Laws, ch. 17, § 292; Cons. Laws, ch. 47, § 5.)

*Per Curiam.*    This proceeding was instituted by the relator, who is one of the justices of the City Court of the city of New York, to compel the board of elections and the city clerk to certify and publish that at the ensuing primary and general elections there is but one vacancy to fill in the office of justice of the City Court, and that is the vacancy existing because of the failure in 1909 to elect a successor to Justice Green whose term then expired.    The reason for the relator's application is found in the opinion of the corporation counsel advising the above-named election officers that there is grave doubt whether there is not a vacancy in the office of justice of the City Court, to which the relator, Delehanty, claims to have been elected in 1900, and again in 1910, and each

time for a term of ten years. The question to be decided, stated in its simplest form, is whether there is a vacancy in the term for which Justice Delehanty is now assuming to serve, which should be filled at the ensuing general election. The conditions which have given rise to this question are as follows: The Constitution provides that " all elections of city officers, including supervisors and judicial officers of inferior local courts, elected in any city or part of a city   *   *   *   *except to fill vacancies,* shall be held on the Tuesday succeeding the first Monday in November in an odd numbered year, and the term of every such officer shall expire at the end of an odd numbered year." (Art. XII, section 3.) The obvious purpose of this constitutional provision was to separate the elections of city officers from the elections of state officers, so that the two could not occur in the same years. The arrangement, in other words, was to have the enumerated local officers elected in odd-numbered years, and the state officers in even-numbered years. (*Matter of Markland* v. *Scully,* 203 N. Y. 158, 163.) This constitutional provision was in force on the first day of January, 1898, when the charter of Greater New York went into effect. By section 1346 of that charter it was provided that the tenures of the justices of the City Court then in office should continue until the expiration of their respective terms, and that the successors of said justices should be elected for and hold office for the period of ten years. This section of the charter was supplemented by chapter 489 of the Laws of 1900, which provides that " On and after the first day of January, 1901, the City Court of the City of New York shall consist of the justices now in office, and one additional justice, who shall be elected at the general election to be held in the city and county of New York in November, 1900. The said additional justice shall be elected and hold office for ten years from the first day of January, 1901   *   *   *."

This statute, it will be noted, conflicts with the Consti-

tution in several particulars. The Constitution directs that elections of justices, except to fill vacancies, shall only be had in odd-numbered years and for terms which expire at the end of odd-numbered years; and the statute of 1900 declares that the term of the additional justice created by the statute shall be filled for a full term of ten years, by election in an even-numbered year, and this necessarily results in the expiration of the term in an even-numbered year. This was the condition of the law on the subject in 1900 when the relator was elected for the new term created by the statute of 1900. He served as justice until 1910, when he was again elected for a full term of ten years.

The writ applied for by the relator was granted at Special Term on the ground that, even if the election of 1900 was not valid for a full term of ten years, the relator's tenure of office was good for nine years which expired in 1909, and as there was no valid election for a full term in that year, the relator's subsequent election in 1910 was to fill the vacancy which existed in 1909 and should then have been filled by election. By this process of reasoning the justice at Special Term reached the conclusion that the relator was elected for a term which expires in 1919, and that there is, therefore, now no vacancy. At the Appellate Division the order of the Special Term was affirmed, although two opinions were written in which the same result was reached upon divergent reasons. The opinion of the majority of the Appellate Division proceeds upon the theory that the statute of 1900 is void in its entirety because it created a term which came into existence in an even-numbered year, and was to be filled for its full duration by election in an even-numbered year, and was thereafter to end in an even-numbered year. From this premise the prevailing opinion below proceeds to the conclusion that there has never been a vacancy that could be filled in an even-numbered year and that there has never been a valid election for a full term. Upon this hypothesis is based the ultimate

conclusion that there is no vacancy because the office has never been created. The minority opinion of the Appellate Division, following the suggestion of Chief Judge BARTLETT in his concurring opinion in *Matter of Trounstine* v. *Britt* (212 N. Y. 421), holds that the legislature, in enacting the statute of 1900, clearly intended to create a fixed term of ten years for the additional justice which was to commence on January 1st, 1901, and since that could not lawfully be done, the term should be deemed to expire in the last odd-numbered year of the term, to wit, in 1909. The minority opinion thus concludes that the relator's second term commenced on January 1, 1910, that an election to fill it should have been held in 1909, and that the failure to hold such election resulted in a vacancy in 1910 which was properly filled by election in that year for a term ending December 31, 1919.

We are of opinion that there is no present vacancy in the office which the relator now holds, but we base our conclusion upon considerations that differ materially from those set forth in the prevailing opinion below. We cannot accept the view that the relator was never validly elected. Neither can it be admitted that the *Trounstine* case is a controlling authority in the case at bar, for in the *Trounstine* case the question was whether Justice Green had been elected for a full term, or only for the unexpired term of his predecessor. We held that he had been elected to fill the unexpired term which ended in December, 1909, and that the failure to fill that office by election in 1909, or in any subsequent year, left a vacancy which should be filled at the ensuing election.

Our views respecting the office now held by the relator may be very briefly stated. It was competent for the legislature to create an additional justice for the City Court whose term was to commence on January 1, 1901. Were it not for the constitutional provision to which we have referred, it would have been equally valid to have provided that the term of ten years should be filled by

election in an even-numbered year, and that it should end in an even-numbered year. In view of the constitutional inhibition against the holding of such elections in even-numbered years, except to fill vacancies, the legislature was clearly without power to provide for election in an even-numbered year to the office of justice of the City Court for a full term; but this invalidity in the method of election did not affect the office. That was lawfully created and has ever since been in existence. From the moment that the office came into being there was a vacancy (*People ex rel. Snyder* v. *Hylan*, 212 N. Y. 236), but it was a vacancy for the full term which, under the statute of 1900, could only be filled in an even-numbered year in contravention of the Constitution. The statute provided in explicit terms for an election in 1900, an even-numbered year, and for no other. The statutory limitation, fixing the time at which the election for the first term should be held, did not apply to the second term, which came into existence January 1st, 1910. For that term there should have been an election in 1909, and such election would have been valid under the Constitution. The failure to fill the term by election in 1909 created a vacancy which, under the Constitution, could be properly filled by election in 1910, for the unexpired term ending in December, 1919. It cannot be stated with dogmatic assurance that this method of solving the vexed problem before us is open to no criticism. We simply present it as the one best calculated to settle a troublesome controversy in such a way as to present the fewest possible objections. Our conclusion is that there is no present vacancy in the office of justice of the City Court now held by Justice Delehanty, and that the writ herein was properly granted.

The order of the Appellate Division should, therefore, be affirmed, without costs.

WERNER, CHASE, COLLIN, CUDDEBACK, HOGAN, MILLER and CARDOZO, JJ., concur.

Order affirmed.