In the Matter of ERNEST ADLER, Respondent, against JOHN R. VOORHIS et al., Constituting the Board of Elections of the City of New York, et al., Appellants.

(Argued October 28, 1930; decided October 28, 1930.)

*Arthur J. W. Hilly*, Corporation Counsel (*William E. C. Mayer* and *Charles Horowitz* of counsel), for John R. Voorhis et al., appellants. Chapter 651 of the Laws of 1930 is a valid and subsisting and constitutional legislative enactment. (*People ex rel. Snyder* v. *Hylan*, 212 N. Y. 236; Public Officers Law, § 30, subd. 7; *Matter of Delehanty* v. *Britt*, 163 App. Div. 736; 212 N. Y. 457; *Matter of N. Y. & L. I. Bridge Co.*, 148 N. Y. 540; *Lawton* v. *Steele*, 119 N. Y. 226; *Rathbone* v. *Wirth*, 150 N. Y. 459; *People ex rel. Alpha P. C. Co.* v. *Knapp*, 230 N. Y. 48; *Schieffelin* v. *Goldsmith*, 253 N. Y. 243.)

*Edward S. Dore, Vincent L. Leibell* and *William J. O'Shea, Jr.*, for Frank A. Carlin et al., appellants. Chapter 651 of the Laws of 1930 is constitutional. (N. Y. Const. art. VI, §§ 18, 19; *Schieffelin* v. *Goldsmith*, 253 N. Y. 248; *Matter of Trounstine* v. *Britt*, 212 N. Y. 421; *People* v. *Metz*, 193 N. Y. 148; *People* v. *Rice*, 135 N. Y. 473; *People* v. *Van Allen*, 55 N. Y. 31.)

*Leonard J. Obermeier* for Republican candidates, appellants. Chapter 651 of the Laws of 1930 is valid and

constitutional. (*Matter of Markland* v. *Scully*, 203 N. Y. 163.)

*N. William Welling* for Francis E. Rivers et al., appellants. The newly-created vacancies in the office of Municipal Court justice may properly and constitutionally be filled at the November, 1930, election. (*Loeb* v. *Columbia Township Trustees*, 179 U. S. 472; *New York Central R. R. Co.* v. *Williams*, 199 N. Y. 108; *People* v. *Knapp*, 230 N. Y. 48; *Schieffelin* v. *Goldsmith*, 253 N. Y. 143.)

*Howard Hilton Spellman* for Le Roy Campbell et al., appellants.

*Charles Recht, Samuel J. Rosensohn* and *Robert J. Rudner* for respondent. Chapter 651 of the Laws of 1930 contravenes section 6 of article 12 of the Constitution of the State of New York. (*Markland* v. *Scully*, 203 N. Y. 198; *People* v. *Fitzgerald*, 180 N. Y. 269; *Delehanty* v. *Britt*, 163 App. Div. 524; 212 N. Y. 457; *Matter of Schulte*, 33 App. Div. 524; *Matter of Trounstine* v. *Britt*, 212 N. Y. 421; *Mills* v. *Sweeney*, 219 N. Y. 213.)

*Per Curiam.* The controversy in this case involves the determination of the validity of an act of the Legislature (Laws of 1930, ch. 651) which provides for the election of Municipal Court justices in the city of New York in an even-numbered year.

We think the act must be upheld.

Article XII, section 6, of the Constitution, in so far as it provides that all elections of judicial officers of inferior local courts, elected in any city or part of a city, except to fill vacancies, shall be held on the general election day in an odd-numbered year, and that the term of every such officer shall expire at the end of such a year, has been superseded by section 19 of article VI, the new Judiciary Article of the Constitution, which took effect January 1, 1926.

That section provides as follows: " Except as in this article provided, all judicial officers shall be elected or appointed at such times and in such manner as the legislature may direct."

The effect of this provision is to abolish all restraints upon the Legislature in fixing the times for the election of judges of inferior courts, except those restraints imposed by the Judiciary Article itself.

Until the revision of 1926, the subject now covered by section 19 was included in section 18, though not in the same words. The provision as then phrased was to the effect that all judicial officers were to be elected and appointed at such times and in such manner as the Legislature might direct, " except as herein otherwise provided," an exception which this court construed in *Matter of Trounstine* v. *Britt* (212 N. Y. 421, 429), as meaning " otherwise provided in this Constitution." The court pointed out that a different construction might be necessary if the section had read," except as otherwise provided in this article." The very change there indicated as adequate to transform the meaning has now been made.

The change was not inadvertent. It was necessary for the accomplishment of the fundamental scheme and purpose of the new Judiciary Article. For the first time in the history of the State a place is now given in the Constitution itself to inferior local courts in cities or parts of cities. Article VI, section 14, prescribes the organization of the Court of General Sessions of the city and county of New York, thereafter to be known as the Court of General Sessions of the county of New York, and fixes the terms of office of the judges. Article VI, section 15, prescribes the organization of the City Court of the city of New York, a court which in the past had been governed by article XII, section 6 (*Matter of Trounstine* v. *Britt, supra; Matter of Delehanty* v. *Britt,* 212 N. Y. 457), and provides that five additional justices

thereof shall be chosen " at the first general election following the adoption of this article " (*i. e.*, in November, 1926, an even-numbered year) and shall hold office for ten years, with the result that the terms of office will expire in even-numbered years (*cf.* Art. VI, § 16). The People of the State, in adopting the new Judiciary Article, have thus abandoned the rule that city judges shall be chosen in odd-numbered years, and that the terms of office of such judges must expire in such years. To make the meaning unmistakable, and to avoid fragmentary and haphazard survivals of the rule formerly enforced, they have said in sweeping terms that thereafter the Judiciary Article shall be taken to be complete and self-sufficient, and that the power of the Legisature to fix the time and manner of election and appointment shall submit to no restrictions except as there imposed. The power thus conferred is one incapable of coexisting with the continued operation of the restrictions hitherto enforced. There is nothing left of a discretion to fix the time of the election, if one time and one only, the date of the general election in an odd-numbered year, is to be adhered to in every instance as supplying an inexorable rule.

The truth indeed is that the classification of judges of city courts in the category of city officers was always an anomaly. They are not properly city officers, but members of the judicial system of the State (*Whitmore* v. *Mayor*, 67 N. Y. 21; *Ledwith* v. *Rosalsky*, 244 N. Y. 406, 411).

The conclusion is inescapable that they may be elected at such times and, subject to article VI, for such terms as the Legislature shall prescribe.

The order should be reversed and the application for a mandamus denied, without costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.