In the Matter of the Application of JOSEPH ELLIS, JR., Respondent, for a Peremptory Order of Mandamus, against JAMES T. GEDDES and WALTER F. SCHMIEDING, as Commissioners of Election, Constituting the Board of Elections of Erie County, New York, Appellants, Impleaded with THOMAS C. CHIAVETTA, as Supervisor and as Republican Candidate for Supervisor of the Town of Brant, Erie County, New York, Respondent, and FRANK J. LEHLEY, as Democratic Candidate for Supervisor of the Town of Brant, Erie County, New York, Appellant.

Fourth Department, October 31, 1932.

Kevin Killeen, for the appellants Geddes and Schmieding.

Charles S. Desmond, for the appellant Lehley.

Regis O'Brien, for the respondent Ellis.

Philip J. Halpern, for the respondent Chiavetta.

PER CURIAM. In this proceeding we are called upon to determine whether a vacancy in the office of town supervisor of the town of

Brant, Erie county, is to be filled at the general election to be held in that town on November eighth of this year.

Town supervisors are elected at biennial town meetings, pursuant to section 80 of the Town Law (as amd. by Laws of 1924, chap. 179). The Constitution of the State (Art. 3, § 26) authorizes the Legislature to provide for the manner of the election of supervisors and the duration of their terms of office. Boards of supervisors, by section 40 of the Town Law, are empowered to provide by resolution for the holding of biennial town meetings on the day in November when the general election is to be held in odd-numbered years. The board of supervisors of Erie county has so provided by resolution. The next biennial town meeting of the town of Brant will, therefore, be held at the time of the general election in 1933. It is the fact, as was conceded upon the argument, that neither a biennial town meeting nor a special town meeting is to be held in the town of Brant at the time of the general election of this year. The circumstance that a town meeting is held coincidentally with the general election does not destroy the identity of the town meeting. (*People ex rel. Lyon* v. *Wallin*, 141 App. Div. 34.) The vacancy, therefore, cannot be filled at the general election this autumn.

Nothing in *People ex rel. Howard* v. *Supervisors of Erie County* (42 App. Div. 510; affd. on opinion below, 160 N. Y. 687) is in conflict with the view stated above, as that case deals, not with a town supervisor to be elected at a biennial town meeting, but with the supervisor of a ward of a city elected at a general election.

We are not called upon to determine the duration of the term of office of the supervisor of Brant now holding office by appointment of the town board, or as to whether section 5 of article 10 of the Constitution is applicable to this office (See *People* v. *Keeler*, 17 N. Y. 370, 378), or whether section 130 of the Town Law (as amd. by Laws of 1921, chap. 448) is in conflict with the constitutional provision cited, or as to the applicability of section 38 of the Public Officers Law. All we hold is that the vacancy in this office cannot be filled at the coming general election.

All concur.

Order affirmed, without costs of this appeal to any party.