In the Matter of the Application of ROBERT J. SUMMERS, Petitioner, for a Peremptory Mandamus Order Directed to WILLIAM A. ECKERT, as Comptroller of the City of Buffalo, and to FRANK M. WILSON, as Auditor of Said City, Respondents.

Supreme Court, Erie County, September 26, 1933.

*Daniel J. Kenefick*, for the motion.

*Charles L. Feldman, Corporation Counsel [Jeremiah J. Hurley* of counsel], opposed.

NOONAN, J.  This is an application for a peremptory mandamus order, directing and requiring the auditor of the city of Buffalo to audit the claim of petitioner for the unpaid balance of his salary as judge of the City Court, for the month of July, 1933, and to approve the issuance of a warrant by the comptroller of said city on the city treasurer for such balance of salary, and directing and requiring the comptroller to audit such claim and to prepare, sign and deliver to the petitioner such warrant.

The City Court of Buffalo is an inferior local court of civil and criminal jurisdiction, established by the Legislature pursuant to article 6, section 18, of the Constitution.  It was created by chapter 570 of the Laws of 1909 and the acts amendatory thereof.  It has an extensive though limited jurisdiction in both civil and criminal causes, and transacts a large volume of business.

The compensation of the judges of the court is provided for by section 5 of the City Court Act, as amended by chapter 45 of the Laws of 1914, and the provision is as follows: " § 5.  Compensation. The annual salaries of the chief judge and of the associate judges shall be fixed by ordinance by the common council of the city of Buffalo, and the salaries of said judges may be refixed and determined by ordinance by said common council during their terms of service, notwithstanding the provisions of section seventeen of chapter one hundred and five of the laws of eighteen hundred and ninety one, such salaries to be paid in monthly installments, and no judge of

said court shall receive to his own use any fee or perquisites of office."

By the language of this provision it is left open to the common council of the city of Buffalo to alter the compensation of the judges of the City Court, either by increase or reduction thereof, and the Legislature had authority at that time, so far as any constitutional prohibition is concerned, to confer such power upon the common council.

In 1927 the common council fixed the salary of the petitioner as associate judge of the City Court at $7,500 per year, and that was the rate of compensation effective when the petitioner began his term of office. In July, 1933, the common council by ordinance assumed to reduce the petitioner's salary to $5,625 per year. He has been paid for the month of July, 1933, the sum of $468.74, or one-twelfth of the reduced rate. He claims that there is still due him $156.26 for said month which, with the amount paid, would make one-twelfth of the salary in force when he assumed office.

The Constitution of 1846, article 6, section 7, provided that the compensation of the judges of the Court of Appeals and justices of the Supreme Court should be established by law, and should not be increased or diminished during their continuance in office. This section was amended by the judiciary article of the Constitution adopted in 1869, which provided in article 6, section 14, that " the judges and justices hereinbefore mentioned shall receive for their services a compensation to be established by law, which shall not be diminished during their official terms." The judges and justices " hereinbefore mentioned " included judges of the Court of Appeals, justices of the Supreme Court, and judges of certain local courts, including the Superior Court of the City of New York, Court of Common Pleas for the City and County of New York, Superior Court of Buffalo, and the City Court of Brooklyn.

In 1880 the constitutional provision was again amended so that article 6, section 14, of the Judiciary Act of 1869 was renumbered as section 12. The language relating to the compensation of judges and justices remained unaltered, but the preceding provisions of the judiciary article abolished the local courts referred to in the judiciary article of 1869, so that the words " hereinbefore mentioned " applied only to judges of the Courts of Appeals and justices of the Supreme Court.

In 1894, by the Constitution adopted that year, the provision of the Constitution of 1846, prohibiting an increase or diminution of the compensation of " the judges and justices hereinbefore mentioned," was restored to the Constitution as a part of article 6,

section 12, but the judges of local courts were not among those " hereinbefore mentioned."

In 1909, article 6, section 12, was again amended, and the language prohibiting the diminution during their terms of office of the compensation of judges and justices was eliminated, but the compensation of justices of the Supreme Court was fixed so that it could not be increased or diminished.

In 1925 (effective January 1, 1926) the judiciary article of the Constitution was revised. The provision authorizing the establishment of inferior local courts embodied in article 6, section 18, and the provision as to compensation in article 6, section 19, was altered so that it reads: " All judges, justices and surrogates shall receive for their services such compensation as is now or may hereafter be established by law, provided only that such compensation shall not be diminished during their respective terms of office."

It thus appears that until January 1, 1926, there was no constitutional restriction upon the power of the Legislature or of the local legislative authority to diminish the salaries of the judges of local courts except for the period between 1869 and 1880, when the judges of certain local courts (not including the City Court of Buffalo, which had not yet come into existence) were protected against diminution of their salaries. The question, therefore, arises as to whether the amendment to the judiciary article which took effect January 1, 1926, has the effect of depriving the common council of the city of Buffalo of the power to diminish the salaries of the judges of the City Court of that city.

The language of the present provision, " All judges, justices and surrogates," is all-inclusive, and in view not only of the meaning of the words used standing alone, but also in view of the reframing of the judiciary article and the rearrangement of its provisions so as to bring the section relating to establishment of inferior courts to a position in advance of the compensation provision, I am clearly of the opinion that the compensation provision is intended to apply to all judges whether they be judges of courts continued or created by the Constitution, or judges of courts created by the Legislature pursuant to constitutional authority.

This view of the construction of article 6, section 19, of the judiciary article is supported by the reasoning of the Court of Appeals in *Matter of Adler* v. *Voorhis* (254 N. Y. 375). In that case, section 6 of article 12 of the Constitution, which provided that all elections of judicial officers of inferior local courts elected in any city or part of city except to fill vacancies should be held on the general election day in an odd-numbered year, was held to be superseded by section 19 of article 6, which provides: " Except

as in this article provided, all judicial officers shall be elected or appointed at such times and in such manner as the Legislature may direct." The court held in substance that the People declared when they adopted the new judiciary article that the new article should be taken to be complete and self-sufficient; that a place was thereby given in the Constitution to inferior local courts in cities or parts of cities, and that the revision of 1926 superseded the provision of article 6, section 12, so that the Legislature had power to fix the time of the election of the judges of local courts otherwise than as provided therein. The same reasoning is applicable to the compensation provision of the present judiciary article. Until 1909 the Constitution only protected the compensation of judges of the Court of Appeals, justices of the Supreme Court, and, for a time, judges of certain named local courts, and omitted to give the like protection to the judges or justices of any other courts except by a special provision relating to county judges and surrogates. In 1925, as pointed out by the Court of Appeals, the revision of the judiciary article created a place in the Constitution for inferior local courts established by the Legislature under section 18, and the broad language of section 19 was evidently designed to give the judges of such local courts the same protection in respect to their compensation as that enjoyed by other judges and justices under pre-existing constitutional provision.

I am not unmindful of the fact that Mr. Justice LEVY, in *Matter of Gresser* v. *O'Brien* (146 Misc. 909),* decided that the justices of the Court of Special Sessions of the City of New York were not protected by the present provisions of section 19. The opinion in that case is learned and careful. Nevertheless, having in mind the reasoning of the Court of Appeals in the *Adler* case, and what seems to me to be the clear intent of the 1925 revision of the judiciary article, I find myself unable to agree with his conclusion.

The respondents claim further that their power under the charter of the city of Buffalo is limited to the auditing and issuing warrants for such payments only as are provided for in the annual budget of the city, and for which appropriations are made specifically, and that as only $5,625 has been appropriated for the petitioner's salary, and as his salary, by the salary ordinance, is required to be paid semi-monthly, they have no legal right to audit or issue warrants in any month for more than one-twelfth of the annual sum appropriated for petitioner's salary. The conclusion does not necessarily follow from the premises. The sum of $5,625 has been appropriated. If my conclusions as to the constitutionality of the ordinance as to the decrease are correct, the legal salary to which petitioner is entitled is $625 per month, or $312.50 each half

---

* Affd., 263 N. Y. 622.

month, and the respondents are empowered and may be required to audit petitioner's salary semi-monthly at that rate, and to issue warrants for the payment thereof until the appropriation of $5,625 has been exhausted, at which time their power in the premises would cease and the petitioner be compelled to seek a remedy otherwise. In the meantime, however, there is a fund in the hands of the city treasurer sufficient to pay the legal salary, and the respondents may be required to act accordingly.

My conclusion is that a peremptory mandamus order ought to be granted as prayed for.

Enter order accordingly.