In the Matter of the Application of EDWARD M. BROWN, Chairman of Republican City Committee of City of Utica, in County of Oneida and State of New York, Petitioner, for a Peremptory Order of Mandamus against ANTHONY J. SISTI, City Clerk of City of Utica, in County of Oneida and State of New York, and ALBERT AMACHER and LEO J. FILKINS, Commissioners of Election of Oneida County in State of New York, Comprising Board of Elections of Said Oneida County, Respondents.

Supreme Court, Oneida County, August 8, 1936.

* Appeal dismissed, 249 App. Div. ——.

*Edward M. Brown,* for the petitioner.

*Bartle Gorman, Corporation Counsel,* and *George Schiro, Assistant Corporation Counsel,* for the respondent Sisti.

DOWLING, J.   The City Court of Utica was established by chapter 103 of the Laws of 1882, passed April 28, 1882, effective June 1, 1882.

Section 2 thereof provided: " The offices of city judge of Utica and special city judge of Utica are hereby created, and the incumbents thereof shall be chosen by the electors of said city at their annual charter elections next preceding the expiration of their terms of office respectively. They shall take and subscribe the oath of office prescribed by law, and shall enter upon the discharge of their duties on the first day of April next after their elections respectively. Said city judge shall hold his office for the term of four years, and said special city judge for the term of three years."

Section 20 thereof provided: " Vacancies in the office of city judge and special city judge shall be filled by appointment by the mayor of Utica, by and with the advice and consent of the common council of said city. Such appointees shall hold their offices until the first day of April after their successors shall be chosen. Upon the happening of any vacancy the office shall be filled for a full term at the next annual charter election occurring, not less than twenty days after the happening of such vacancy."

By chapter 11 of the Laws of 1893, section 20 of chapter 103 of the Laws of 1882 was amended to read as follows: " Vacancies in the offices of city judge and special city judge shall be filled by appointment by the mayor of Utica, by and with the advice and consent of the common council of said city. Such appointees shall hold their offices until the first day of January after their successors shall have been chosen. Upon the happening of any vacancy, the office shall be filled for a full term at the next annual election for officers of the city, and occurring not less than twenty days after the happening of such vacancy."

Section 1 of article II of chapter 658 of the Laws of 1923 (an act to supplement the general laws, relating to the government of the city of Utica), effective July 1, 1923, provides: " There shall be elected by the qualified electors of the city, in addition to such other officers as are or may be provided by law, a city judge, a special city judge and two justices of the peace. The term of office of the city judge and special city judge shall be four years."

By chapter 586 of the Laws of 1925, chapter 103 of the Laws of 1882 was amended as follows:

" § 2. The offices of city judge of Utica and associate city judge of Utica are hereby created, and the incumbents thereof shall be chosen by the electors of said city at their annual election for officers of the city next preceding the expiration of their terms of office respectively. They shall take and subscribe the oath of office prescribed by law, and shall enter upon the discharge of their duties on the first day of January next after their election, respectively. The term of office of each of said officers shall be four years.

The present special city judge of Utica shall discharge the duties of the office and shall be the associate city judge of Utica until the expiration of the term for which he was appointed, such special city judge of Utica and until an associate city judge of Utica is elected or appointed as herein provided. The first election for associate city judge of Utica shall take place at the annual election for officers of the city to be held in nineteen hundred and twenty-five."

" § 20. Vacancies in the offices of city judge and associate city judge shall be filled by appointment by the mayor of Utica, by and with the advice and consent of the common council of the city of Utica. Such appointees shall hold their offices until the first day of January after their successors shall have been chosen. Upon the happening of any vacancy, the office shall be filled for a full term at the next annual election for officers of the city, and occurring not less than twenty days after the happening of such vacancy."

The Laws of 1933, chapter 593, amended section 2 by making the City Court of Utica a court of record.

At the general election held in the city of Utica in November, 1935, John T. Buckley was elected city judge of Utica for a term of four years. He entered upon the discharge of his duties January 1, 1936. On July 29, 1936, Judge Buckley died. His death created a vacancy in the office of city judge of Utica.

Respondent Sisti, as city clerk of Utica, following the death of Judge Buckley inquired of Bartle Gorman, corporation counsel of the city of Utica, as to whether or not he, as city clerk, should certify to the board of elections the office of city judge of Utica as an office to be voted upon at the general election to be held in the city of Utica and State of New York in November, 1936, pursuant to section 69 of the Election Law, and as to whether the office of supervisor and the office of alderman in Utica, in which vacancies existed, should also be certified. In a carefully prepared memorandum, Mr. Gorman advised Mr. Sisti that the vacancy in the office of city judge of Utica could not be filled by election for a full term until the annual election for officers of the city of Utica to be held in November, 1937, and that he should not certify it as an office to be filled at the annual election in November, 1936. Mr. Gorman, however, advised Mr. Sisti that offices of alderman and supervisor in Utica should be certified for filling at the annual election in November 1936. Mr. Sisti has followed Mr. Gorman's advice.

Edward M. Brown, chairman of the Republican city committee of the city of Utica, N. Y., feeling aggrieved at Mr. Sisti's failure to certify the office of city judge of Utica as one to be filled at the

annual election in November, 1936, applies to this court for a peremptory order of mandamus. Upon this application he procured an order directing the respondents to show cause why a peremptory mandamus order should not be granted for the following relief:

" 1. Directing him, the said Sisti, City Clerk of Utica, New York, to make and file in the office of the Board of Elections of Oneida County, New York, a certificate

" (a) That a vacancy exists in the office of City Judge of said City of Utica, New York.

" (b) That the office of City Judge of the said City of Utica, New York, is to be voted for at the general election designated to be held on November 3rd, 1936.

" (c) That such officer, to wit, City Judge, is to be voted for at such election, and

" 2. Directing the said Amacher and the said Filkins, Commissioners of Election of Oneida County, New York, comprising the Board of Elections thereof, upon receipt of such certificate to receive and file the same in the office of said Board of Elections and to proceed thereafter as directed by Law."

Section 5 of article 10 of the Constitution of the State of New York, adopted in 1846, provided: " The Legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."

Section 5 of article 10 of the present Constitution, adopted and in force since January 1, 1895, is identical with section 5, *supra*.

Under section 5 of article 10 of the Constitution, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy. The political year begins January first. (State Const. art. 10, § 6.) Hence, the mayor and common council of the city of Utica, under the plain provisions of the Constitution, may appoint and fill the vacancy in the office of city judge of Utica for the remainder of 1936 and no longer.

In commenting upon section 5 of article 10 of the Constitution, the Attorney-General of the State, in 1925, wrote: " This means and the courts have already so informed us, that no appointment to an elective office can under any circumstances extend beyond the thirty-first day of December following the actual happening of the vacancy." (Citing authorities.) (32 State Dept. Rep. 337, 338.)

If the advice of the corporation counsel of the city of Utica to the city clerk that Judge Buckley's successor cannot be elected for a full term until November 1937, is sound, then the office of city judge of Utica will be vacant for the year 1937, for, as we have seen, in this particular instance the mayor has no power to appoint beyond December 31, 1936. In adopting section 20 the Legislature intended no such result. In *People ex rel. Weller* v. *Townsend* (102 N. Y. 430) the court said (at p. 439): " In the case of elective officers the necessity for the existence of some continuous authority to fill vacancies temporarily, in order that the performance of their duties may not be too seriously interrupted, and the inconvenience and inadequacy of any system by which such power could be exercised by the people through the medium of popular elections except at regular periods, led to the adoption of that clause of the Constitution which delegated to the Legislature, power to make provisions for such cases. The entire scope and theory of the Constitution, however, requires those offices when vacant to be filled by the people, at their regular annual election when it is possible to do so, but when a departure from that mode is rendered necessary by any circumstance, the power of selection is limited to the shortest space of time possible, and a return to the elective principle at the earliest opportunity, is necessitated. The Constitution, therefore, provides that the Legislature shall make provision for the selection of persons to fill temporarily such vacancies as may occur in public offices, but in the case of the adoption of any other mode than that of election, such power is limited to the period of time intervening between the commencement of the political year next succeeding the first annual election after the happening of the vacancy, and the occurrence of the vacancy. (*People* v. *Keeler*, 17 N. Y. 370, 371; sec. 5, art. 10, Const.) "

Section 6 of article 12 of the Constitution provides: " All elections of city officers, including supervisors and judicial officers of inferior local courts, elected in any city  *  *  *, except to fill vacancies, shall be held on the Tuesday succeeding the first Monday in November in an odd-numbered year, and the term of each such officer shall expire at the end of an odd-numbered year."

Section 38 of article 3 of the Public Officers Law provides: " The term of office of an officer appointed to fill a vacancy in an elective office, shall be until the commencement of the political year next succeeding the first annual election after the happening of the vacancy, if the office be made elective by the Constitution or at which the vacancy can be filled by election, if the office be otherwise made elective."

Section 6 of article 12 of the Constitution, in so far as it provides that all elections of judicial officers of inferior courts elected in any city or part of a city, except to fill vacancies, shall be held on the general election day in an odd-numbered year and that the term of each such officer shall expire at the end of such year, has been superseded by section 19 of article 6 of the new judiciary article of the Constitution, in effect January 1, 1936. This section says: " Except as in this article provided, all judicial officers shall be elected or appointed at such times and in such manner as the Legislature may direct."

Section 10 of article 3 of the Second Class Cities Law provides: " City officers, within the meaning of this chapter, include all persons elected or appointed to any office of the city created or authorized by this chapter or otherwise by law."

Section 14 of article 3 of said law provides: " All elections of city officers, including supervisors and judicial officers of a city court or inferior local court, shall be held on the Tuesday succeeding the first Monday in November, and, except to fill vacancies, in an odd-numbered year. All such elections shall be held at the same time and places as the general election held in such year, and shall be conducted in all respects in the same manner as general elections in cities are required to be conducted, and all the provisions of law relative to such elections shall be applicable to the election for officers of the city. In case of the failure to elect an elective city officer, except as otherwise provided herein, the office shall be deemed to be vacant for the purpose of choosing a successor and the vacancy shall be filled in the manner provided herein for the filling of a vacancy in such office happening otherwise than by expiration of term."

Section 15 of article 3 of said law provides: " If a vacancy shall occur, otherwise than by expiration of term, in an elective office of the city, including that of supervisor, the mayor shall appoint a person to fill such vacancy. The person so appointed to such vacancy, if the office be not made elective by the Constitution, shall hold office for the balance of the unexpired term. If the office be made elective by the Constitution, the term of office of the person so appointed shall be until the commencement of the political year next succeeding the first annual election after the happening of the vacancy at which a successor can be elected, and a successor for the balance of the unexpired term, if any, shall be chosen at the next city election happening not less than twenty days after such vacancy occurs."

In *Ledwith* v. *Rosalsky* (244 N. Y. 406) the court said (at p. 410): " It may be that in some sense a judge of a court established ' in

and for ' a city or county may be said to be a city or county officer or even an officer in the ' service ' of that city or county. Sometimes constitutional or statutory provision requires such construction. (*Matter of Salary Superior Court Judges*, 82 Wash. 623; *Wolf* v. *Hope*, 210 Ill. 50; *Perry* v. *Bianchi*, 96 N. J. Law, 113; *People ex rel. Garrity* v. *Walsh*, 181 App. Div. 118; *Matter of Compensation of County Judges*, 18 Colo. 272.) Except in a special and limited sense a judge may hardly be regarded as an officer of a local governmental agency merely because the court is established in and for a subdivision of the State. ' It is clear that the selection by the organic law of a local sub-division of the State known as a " county," for and within which to establish a court, does not make the functions of the court, county functions, or the officers of the court, county officers. A court of record is essentially not an office; it is an institution, an entity, or agency within itself, invested with certain functions, just as the county is another agency within itself, invested with other duties to perform.' " (Citing authorities.)

The corporation counsel advised the city clerk that the office of city judge of Utica can be filled by election in odd-numbered years only and based his conclusion on section 19 of article 6, section 6 of article 12 of the Constitution, the Public Officers Law, Second-Class Cities Law and section 20 of the City Court Act. It is to be noted, again, that these provisions for election in odd-numbered years do not apply in cases of vacancies. In *Matter of Adler* v. *Voorhis* (254 N. Y. 375), in commenting upon the provisions of section 19 of article 6 of the Constitution, at page 378 the court said: " The effect of this provision is to abolish all restraints upon the Legislature in fixing the times for the election of judges of inferior courts, except those restraints imposed by the Judiciary Article itself. * * * For the first time in the history of the State a place is now given in the Constitution itself to inferior local courts in cities or parts of cities," and at page 379: " The People of the State, in adopting the new Judiciary Article, have thus abandoned the rule that city judges shall be chosen in odd-numbered years, and that the terms of office of such judges must expire in such years. * * * The power thus conferred is one incapable of coexisting with the continued operation of the restrictions hitherto enforced. There is nothing left of a discretion to fix the time of the election, if one time and one only, the date of the general election in an odd-numbered year, is to be adhered to in every instance as supplying an inexorable rule. The truth indeed is that the classification of judges of city courts in the category of city officers was always an anomaly. They are not properly city officers, but members of the judicial system of the State. (*Whitmore* v. *Mayor*, 67 N. Y. 21; *Ledwith* v. *Rosalsky*,

244 N. Y. 406, 411.) " In *Matter of Burke* v. *Cohen* (265 N. Y. 210) the court said (at p. 213): " We now hold that article 10, section 5, of the Constitution applies to all elective city offices." The office of city judge of Utica is a city office.

In *People ex rel. Howard* v. *Board of Supervisors of County of Erie* (42 App. Div. 510 [4th Dept. 1899]; affd., 160 N. Y. 687) section 374 of the Charter of the City of Buffalo came up for consideration. This section provides: " The term of the person so elected to fill such vacancy shall continue until, and including, the next thirty-first day of December of an odd-numbered year, and until his successor shall have been elected and qualified." The court held the section to be repugnant to section 5 of article 10 of the Constitution and, therefore, unconstitutional. The court said (at pp. 513, 514): " It was undoubtedly the purpose of the Constitutional Convention of 1894 to divorce municipal from general elections, but it is equally apparent that it was the purpose of such convention to prohibit the selection of elective officers in a county by local authorities for a period extending beyond the next general election wherever vacancies occur. If the contention of the defendants is sound, it would be possible for the Legislature to provide that the term of office of the supervisors of any county should be two, five, ten or fifteen years, and that in case of a vacancy such office should be filled by the votes of the municipal authorities where such vacancy occurred for the unexpired term of such office, and thus a majority of the board might be elected by others than the electors, and entirely independent of their will. It is apparent by the provisions of the Constitution above quoted [State Const. art. 10, § 5] that it was the intention of the framers of that instrument that the electors of each town and ward in the respective counties should have the right to select its supervisors, except for so long a time in each year as may exist between the date of a vacancy and the first of January following, provided such vacancy occur prior to the general election of that year."

Section 20 of the City Court Act (*supra*) provides in part: " Upon the happening of any vacancy, the office shall be filled for a full term at the next annual election for officers of the city and occurring not less than twenty days after the happening of such vacancy." The corporation counsel construes this language to mean that Judge Buckley's successor cannot be elected until November, 1937. Such a construction would render the section repugnant to section 5 of article 10 of the Constitution and, therefore, void. Correctly construed, section 20 harmonizes with the provisions of the Constitution, of the Public Officers Law and the Second-Class Cities Law.

The corporation counsel concedes that, if a vacancy presently existed in the office of city treasurer of the city of Utica, the mayor could appoint to fill the vacancy for the remainder of the year 1936 only, and that the office would be filled at the election in November, 1936. The offices of city treasurer and city judge of Utica are city offices and stand on the same footing as such offices. Both can be filled by election in any year, except that in case of a vacancy in the office of city treasurer occurring in an even-numbered year the election is for the unexpired term only.

The expression " at the next annual election for officers of the city " means at the next annual election at which any city officer such as treasurer, comptroller, assessor or alderman may be elected. It does not mean an election at which city officers generally are elected. In *Adler* v. *Voorhis* (*supra*, at p. 379) the court specifically said that the people have abandoned the rule that city judges shall be chosen in odd-numbered years only. Construing section 20 as we have prevents a conflict between it and section 5 of article 10 of the Constitution. It is not necessary to construe it so literally as the corporation counsel has done.

It is the duty of the court to reconcile section 20 with the Constitution if reasonably possible, and it is reasonably possible to do so in this instance.

The parties are agreed that there are no facts in dispute and that the issue between them is one of law.

The court holds that there is a vacancy in the office of city judge of Utica; that the office of city judge is one to be voted for at the general election to be held November 3, 1936; that the city clerk of the city of Utica, as required by law, should have certified and now must certify it, as of the proper date, as an office to be filled at that election, to the board of elections of the county of Oneida, and that said board must receive the city clerk's certification and act upon it as required by law.

Petitioner is entitled to a peremptory order of mandamus for the relief asked in his petition.

Enter order accordingly, without costs.